ROBERTS, Justice.
We have for consideration an original petition for writ of habeas corpus. A motion by petitioner to vacate his judgment and sentence of six (6) months to five (S) years has been previously filed in the trial court pursuant to Rule 1, Supreme Court Rules of Criminal Procedure, F.S.A. ch. 924 Appendix, and granted by order of the court finding that petitioner was entitled to a re-trial. Upon re-trial the petitioner was found guilty and sentenced to the state prison for the period of three (3) years. A corrected judgment and sentence was issued subsequent to the original judgment and contained the additional paragraph, “It is also the judgment and sentence of the court that the defendant, Andrew J. Perez, be given allowance of jail time, plus time served at Raiford, and time gained through good behavior.”
*824 Petitioner alleges that he has properly been given credit for unforfeited gain time which he had earned during his confinement and for actual penal time served but alleges that he has not been given credit for the “jail time” he spent in awaiting his first trial. He alleges that the Division of Corrections has notified him that his tentative release date is July 21, 1964, whereas had said Division properly credited him with the 112 days spent in awaiting trial he would have been released heretofore.
In response to the writ of habeas corpus granted by this court the respondent contends that inasmuch as petitioner was initially sentenced on March 6, 1962, it was legally impossible for petitioner’s sentence to commence running at any time prior to that date and in defense of this contention quotes the following statute then in effect:
F.S. 944.26 "When Term Starts Running. — * * * (2) No court or no agency of the state shall have the authority to begin a sentence at any time prior to the date at which the sentence was imposed by any particular court. Should the judge who sentences a defendant wish to take into consideration any time the defendant may have spent in jail prior to sentence, such judge shall reduce the amount of sentence he would otherwise have imposed by whatever amount of time he wished to credit to the sentence for time in jail prior to sentencing.”
Respondent contends that the reduction in petitioner’s sentence from six (6) months to five (5) years to a three (3) year term reflects the consideration for time petitioner had already spent in jail. Respondent further contends that the trial court’s expression in his judgment in re-trial relative to “jail time” must be measured in light of the legislation then existing with reference thereto, to-wit:
F.S. 921.161 "No authority to begin sentence to imprisonment before it is imposed; credit on state prison sentence for jail time after sentence and certificate of sheriff as to such time. (1) No court, officer or agency shall have any authority to cause a sentence to imprisonment to begin running at any time prior to the date it is imposed. However, a judge imposing such a sentence may allow the defendant credit thereon for all or any part of the time spent by him in the county jail prior to sentence, provided that any such allowance must be for a specified' length of time and it may be provided, for in the sentence or by order thereafter made during the same term of' court at which the sentence is imposed.”
The corrected sentence in the case at bar did not provide a specified length of time as directed by the foregoing statute but simply provided, “ * * * that the defendant, Andrew J. Perez, be given allowance of jail time, plus time served at Raiford, and time gained through good' behavior.” Respondent contends that had' the trial court wanted to allow credit on the time petitioner was awaiting trial, it would have so specified and inasmuch as. such time was not specified the Director of the Division of Corrections is right in disallowing it.
We have examined the record including the original judgment on re-trial, the corrected judgment, the respondent’s, return to the writ, and the letters from the trial judge to the petitioner and to the Director of the Florida Division of Corrections. It is our feeling that the trial judge fully intended to credit the petitioner-with all the time he spent in jail, and that the judgment and sentence under which the petitioner is now in custody so directed.. The letter from the trial judge dated Sept. 13, 1963 to the Director in which he stated, “I desire that he be given credit for the ■ time that he has been in jail awaiting trial plus the time that he has served in Raiford for these same charges before his sentence was vacated * * * ” indicates that the corrected judgment meant that petitioner - *825 should be given full credit for the time he spent in prison including time between Nov. 14, 1961 and Mar. 6, 1962 awaiting trial. The short period allowed between vacation of sentence and re-sentence, although partially erroneous, cannot reasonably be said to comprise all of the “jail time” allowed petitioner by the judgment ■and sentence and to exclude the lengthy time petitioner spent in jail awaiting his first trial. We cannot accept custodian’s theory that the Division of Corrections may not credit jail time since the trial judge did not specify the length of time. See Tilghman v. Culver, 99 So.2d 282 (Fla.1957). It would, however, be in the interest •of justice and helpful to the Division of ■Corrections and an aid in the event of appellate review if henceforth the trial judges would carefully follow the directions in Florida Statute § 921.161, F.S.A., and designate a specified length of time in allowing defendants credit for prior time spent in prison.
We adhere to the rule that a sentence shall not begin to run prior to the date upon which it is imposed. However, in view of the facts revealed by the instant record, it is obvious that the trial judge •intended that the petitioner be credited with the 112 days he had spent in jail ■awaiting trial. Consistent with our holding in McMahon v. Mayo, Fla., 92 So.2d 806, we construe the three-year sentence herein prescribed as being a sentence for three years less the time served at Raiford and good behavior gain time, and less also the period of 112 days spent in jail awaiting trial. As so construed the sentence would begin to run as of the date upon which it was imposed but for a period of three years less the various credits intended by the trial judge including the 112 days of jail time. In view of this construction of the sentence, McMahon v. Mayo, supra, the petitioner is entitled to be released. Alternatively we could remand the petitioner to the trial judge for Te-sentencing. However, since the record is clear as to what was intended, we have adopted the above course in the interest of avoiding further expense and delay.
In view of the foregoing we conclude that the petitioner is being illegally restrained of his liberty and accordingly is ordered released from custody under the judgment and sentence of the Criminal Court of Record of Monroe County, Florida, dated September 11, 1963.
It is so ordered.
DREW, C. J., and THOMAS, THOR-NAL, O’CONNELL, CALDWELL and ERVIN, JJ., concur.