PER CURIAM.
Appellant, defendant below, appeals the order of the trial court denying his Motion to Vacate and Set Aside Judgment and Sentence under Florida Criminal Procedure Rule 1.850, 33 F.S.A.
Appellant was informed against, tried and convicted for the crime of manslaughter. The trial court sentenced him to a term in prison of six months to ten years. While awaiting trial on the charge of manslaughter and sentencing on the subsequent conviction, appellant was incarcerated for approximately fifteen months in the county jail.
In his motion under Rule 1.850 F.C.P.R. appellant seeks credit time for the fifteen months he was imprisoned before his actual sentence began. In his appeal he alleges that he was not given credit time on his sentence for the previous fifteen months. He further alleges that it was error for the trial court to deny his motion and fail to give him credit time.
Under the laws of this State it is discretionary with the trial judge as to whether or not credit time should be given. The discretion of the trial judge will not be overturned unless it is clearly shown that the trial court has abused its discretion. No showing of abuse has been demonstrated by the appellant nor does the record reflect such.
*791 On the contrary, in the trial court’s order denying appellant’s motion it is specifically stated:
“ * * * and the same being considered by this Court and this Court finding that this Court had previously taken into consideration, the confinement of the Defendant while awaiting trial and having disposed of said question in the way the Court deemed proper, * * * ”
It appears from the record on appeal that the trial court did properly exercise its discretion. Therefore, finding no merit to appellant’s argument, we affirm the ruling of the trial court denying his motion under Rule 1.850 F.C.P.R. See Florida Statutes § 921.161, F.S.A., and Perez v. Wainwright, 164 So.2d 823, (Fla.1964).
Affirmed.
ALLEN, Acting C. J., and HOBSON and MANN, JJ., concur.