PER CURIAM.
Upon conviction of the appellant for the crime of aggravated assault, the maximum sentence therefor was imposed. He had been held in the county jail from the time of arrest to the date of sentence, a period of four months and twenty-three days. The defendant appealed, and this court affirmed. Miller v. State, Fla.App.1971, 242 So.2d 466.
Thereafter the defendant filed a petition to be granted credit for such jail time served prior to sentence. The motion was denied. On April 20, 1972, the defendant again moved under Rule 3.850 CrPR, 33 F.S.A., to “vacate, set aside or correct the sentence as to the time spent in pretrial custody.” The trial court denied the motion. This appeal was taken by the defendant from that order.
Appellant contends he is entitled, as a matter of right, to have the sentence reduced to give credit to him for the jail time served prior to conviction and sentence. Under the law of this state that contention is without merit.
Section 921.161(1) Fla.Stat., F.S.A. provides: “A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence may allow a defendant credit for all or *775 part of the time he spent in the county jail before sentence. * * * ” Consistent with the wording of the statute, it has been held that the allowance of credit for such jail time prior to sentence is a matter within the discretion of the trial court. See Richardson v. State, Fla.App.1971, 243 So. 2d 598, where the court said: “This statute makes it clear that the granting of credit for jail time served prior to sentencing is a matter within the discretion of the trial judge.” Likewise in Miles v. State, Fla.App.1968, 214 So.2d 101, it was held that a defendant was not entitled, as a matter of right, to credit for pre-sentence jail time.
The appellant has failed to demonstrate an abuse of discretion by the trial court in this regard, and upon review of the record we observe no basis upon which to conclude that the ruling of the trial court in this respect was an abuse of discretion.
Affirmed.