BOYER, Judge.
The defendants appeal the imposition of a maximum sentence and denial of credit for time served in the county jail from the time of arrest until sentencing, all of which occurred prior to the effective date of Chapter 73-71, Laws of Florida 1973, which amended Florida Statute 921.161(1) F.S.A. to require credit for time spent in the county j ail before sentencing.
The appellants who had escaped from custody by the juvenile authorities were arrested on the charge of auto theft on or about June 21, 1972. At that time they were incarcerated in the Levy County Jail where they remained until the time of sentencing. Subsequent to their arrest, both appellants were certified by the Juvenile Court of Levy County to the Circuit Court for further disposition of the cause. On October 3, 1972 appellants entered a plea of guilty to the charge of larceny of an automobile and remained in custody in the Levy County Jail pending completion of a presentence investigation. On November 27, 1972 the Circuit Judge imposed the maximum sentence allowed by law, to-wit: five years in the Division of Corrections, and gave no credit for time served in the Levy County Jail. On December 6, 1972 appellants filed a motion entitled “Motion to Mitigate and Correct Illegal Sentence” in which they alleged, inter alia, that both defendants were unable to make bond during their incarceration because of indigen-cy. Following a hearing on said motion the able trial judge entered the following orders:
As to defendant Cruder:
“The Court has heard argument of counsel for the Defendant on O. C. Cruder’s Motion to Mitigate and Correct Illegal Sentence. The Defendant contends that the maximum sentence allowed by law, *53 to-wit, 5 years in the Division of Corrections, without receiving credit for time served in the Levy County Jail is illegal. He further contends that the maximum sentence of 5 years is excessive for a defendant 16 years of age. The Court specifically rejects both contentions.
"As to the former, it appears from the record, or is otherwise within the knowledge of the undersigned Circuit Judge, that the Defendant, and others while being in the lawful custody of the Division of Youth Services and more specifically in the custody of the officers of the Howell E. Lancaster Youth Development Center in Gilchrist County, Florida, on or about May 29, 1972, escaped and committed larceny of a motor vehicle in the adjoining County of Levy.
“On June 21, 1972, the Defendant was arrested by the Sheriff of Levy County for this offense with a hold being placed upon him by the Division of Youth Services on June 27, 1972. The case was certified to the Circuit Court by the County Judge’s Court of Levy County. On September 11, 1972, upon being duly arraigned before this Court the Defendant entered his plea of not guilty to the offense charged in information number 274. Trial was set for October 3, 1972, but on the last said date the Defendant appeared with his able attorney, Alan Parlapiano, and upon examination by the Court was permitted to withdraw his plea of not guilty and enter a plea of guilty to the offense of larceny of a motor vehicle. The Court withheld adjudication of guilt and ordered a Pre-Sen-tence Investigation.
“The Pre-Sentence Report shows that the Defendant for such a young man has had a rather extensive record of law violation consisting of some 22 offenses, most of which would have been felonies had the Defendant been an adult.
“The Defendant would have ordinarily been removed to the said Youth Center pending trial, except that the officers of that institution advised the court that they could not safely hold him, and that he could well be dangerous to other students. Accordingly, it is manifest that the Defendant was not entitled to bail, and that if he had been so entitled, he would have been recommitted to the Youth Center to continue the sentence formerly pronounced pending disposition of his case in this court. The federal cases cited by the Defendant relating to jail time are not applicable in a case where the facts are as herein found. Further, allowance of credit for jail time prior to sentence is a matter within the discretion of the trial court. "(See James Miller vs. State of Florida 72-646, filed November 14, 1972, in District Court of Appeal, Third District [270 So.2d 774].)
“It further appears from the Defendant’s record, that he has been committed, or recommitted or returned some 17 times to the Division of Youth Services, and while this Court will not often indulge in justifying the sentence of the law, but for the edification of counsel and other defendants who might like-wise offend, it is the judgment of the Court that it will take several years for the defendant with his background, record and violent aggressive attitude to become to any degree rehabilitated.
“The Court finding that the sentence was legal and that no good cause has been shown for mitigation, it is upon consideration,
“ORDERED AND ADJUDGED that the said Motion be, and the same is hereby denied.”
As to defendant Johnson:
“The Court has heard argument of counsel for the Defendant on Willie Lewis Johnson’s Motion to Mitigate and Correct Illegal Sentence. The Defendant contends that the maximum sentence allowed by law, to-wit, S years in the Division of Corrections, without receiving credit for time served in the Levy Coun *54 ty Jail is illegal. He further contends that the maximum sentence of S years is excessive for a defendant 16 years of age. The Court specifically rejects both contentions.
“As to the former, it appears from the record, or is otherwise within the knowledge of the undersigned Circuit Judge, that the Defendant, and others while being in the lawful custody of the Division of Youth Services and more specifically in the custody of the officers of the Howell E. Lancaster Youth Development Center in Gilchrist County, Florida, on or about May 29, 1972, escaped and committed larceny of a motor vehicle in the adjoining County of Levy.
“On June 21, 1972, the Defendant was arrested by the Sheriff of Levy County for this offense with a hold being placed upon him by the Division of Youth Services on June 27, 1972. The case was certified to the Circuit Court by the County Judge’s Court of Levy County.
On September 11, 1972, upon being duly arraigned before this Court the Defendant entered his plea of not guilty to the offense charged in information number 274. Trial was set for October 3, 1972, but on last said date the Defendant appeared with his able attorney, Alan Parla-piano, and upon examination by the Court was permitted to withdraw his plea of not guilty and enter a plea of guilty to the offense of larceny of a motor vehicle. The Court withheld adjudication of guilt and ordered a Pre-Sentence Investigation.
“The Pre-Sentence Report shows that the Defendant has a rather lengthy history of hostile and aggressive acts, particularly for an individual 16 years of age. On August 28, 1971, he was committed to the Division of Youth Services for aggrevated assault. On November 22, 1971, while at the Florida School for Boys in Okeechobee, there was an attempted assault on a student with grass clippers which was followed soon thereafter by an assault on a student, gross disrespect to a staff member, another assault on a student, and an attempted assault on a student by the use of a rake, shovel and broom. At this time, to-wit, on January 19, 1972, he was transferred to the Howell E. Lancaster Youth Development Center in Trenton. Subsequently, there were five or six instances of assaults, attempted assaults on others, with the last assault being on the night of his escape which assault was made upon a staff member with a tree limb.
“The Defendant would have ordinarily been removed to the said Youth Center pending trial, except that the officers of that institution advised the court that they could not safely hold him, and that he could well be dangerous to other students. Accordingly, it is manifest that the Defendant was not entitled to bail, and that if he had been so entitled, he would have been recommitted to the Youth Center to continue the sentence formerly pronounced pending disposition of his case in this court. The federal cases cited by the Defendant relating to jail time are not applicable in a case where the facts are as herein found. Further, allowance of credit for jail time prior to sentence is a matter within the discretion of the trial court. (See James Miller v. State of Florida 72-646, filed November 14, 1972, in District Court of Appeal, Third District [270 So.2d 774].)
“This Court will not often indulge in justifying the sentence of the law, but for the edification of counsel and other defendants who might like-wise offend, it is the judgment of the Court that it will take several years for the defendant with his background, record, and violent aggressive attitude to become to any degree rehabilitated.
“The Court finding that the sentence was legal and that no good cause has been shown for mitigation, it is upon consideration,
*55 “ORDERED AND ADJUDGED that the said Motion be, and the same is hereby denied.”
Our examination of the record convinces us that neither of the appellants suffered as a result of their indigency and that, under the circumstances, the sentences were not illegal.
Affirmed.
SPECTOR, Acting C. J., and McCORD, J., concur.