478 So.2d 462 (1985)
Johnnie Blaine THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. BE-444.
District Court of Appeal of Florida, First District.
November 13, 1985.
*463 Terry N. Silverman of Silverman & Silverman, P.A., Gainesville, for appellant.
John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
We review a final order of the trial court adjudicating appellant guilty of conspiracy to traffic in cocaine and sentencing him to seven years imprisonment, followed by twelve years probation. Appellant argues that the trial court failed to set forth sufficient clear and convincing reasons for departing from the sentencing guidelines. We agree and reverse.
On November 9, 1984, appellant and a codefendant were charged in an eight-count information with possession and delivery of cocaine, possession of drug paraphernalia, driving under the influence of cocaine, conspiracy to traffic in cocaine, and conspiracy to sell, manufacture, or deliver cocaine. All eight counts arose out of an alleged criminal transaction on September 20, 1984. On January 14, 1985, pursuant to plea negotiations, appellant entered a plea of guilty to conspiracy to traffic in cocaine in excess of twenty-eight grams. The remaining counts were nol prossed. The court accepted the guilty plea, ordered a presentence investigation (PSI), and set a sentencing hearing date. The PSI report was completed on January 18, 1985, and contained a recommended disposition of "five to seven years Department of Corrections." This recommendation exceeded the three-and-one-half to four-and-one-half years incarceration recommended by the sentencing guidelines. The officer who completed the PSI stated in the report that appellant was the owner of "Sonny's Fat Boy Barbeque" and was a member of two fraternal organizations, the Masons and the Shriners. The PSI contained statements from individuals familiar with appellant, including his former wife, that appellant became involved in drugs because of his desire for money. The report contained a statement from the assistant state attorney that appellant had engaged in drug transactions over an extended time and was a dealer in cocaine, and recommended the maximum sentence available under the sentencing guidelines. The officer who completed the PSI stated in the report that appellant was the ringleader of a group of drug dealers. At the sentencing hearing the court chose *464 to depart from the sentencing guidelines and sentenced appellant to seven years in accordance with the PSI recommendation. This sentence was accompanied by a written statement of reasons.
At sentencing appellant's counsel complained that he was unable to contest or rebut the hearsay statements in the PSI because there was no indication in the report of the sources or evidence supporting the conclusory hearsay statements made therein. While it appears counsel may have been attempting to "dispute the truth of this hearsay," Scott v. Florida, 469 So.2d 865 (Fla. 1st DCA 1985), his actual objection amounted to nothing more than a disjointed, rambling colloquy focusing primarily upon failure of the report to contain the source of the hearsay conclusions. This attempted objection was not sufficient to "dispute the truth of hearsay statements," Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985), and thereby place upon the state the burden to produce evidence corroborating the hearsay. Accordingly, the hearsay in the PSI was competent evidence which the court could and did use to support some of its reasons for departure.
The court stated eleven reasons for departure from the guidelines, only two of which we find constituted clear and convincing reasons for departing from the guidelines. The court stated that defendant "posed as a productive business leader and devotee of a highly respected fraternal order while dealing in cocaine." This reason violates the prohibition against sentencing an individual on the basis of social or economic status. Rule 3.701(b)(1), Fla. R.Crim.P.; Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984).
Another improper reason stated was that defendant's unlawful activity "had a profound impact upon this small community." To condone this as a permissible reason for departure from the guidelines would inflict upon individuals in small communities the potential for more severe sentences that individuals in large communities for the same level of criminal conduct. This reason does not comport with the purpose of the guidelines to make sentencing more uniform throughout the state.
The court also indicated that a guidelines sentence would be insufficient to deter others from dealing in cocaine. Deterrence of others was presumably factored into the presumptive guidelines sentence. This reason is not sufficiently clear and convincing to increase this particular defendant's sentence because it is based upon a hypothetical prediction of how this particular appellant's sentence might affect the conduct of others.
The court further reasoned that "the court does not have control over good or gain time." This reason is obviously impermissible because the judicial system never has control over gain time. If this reason were appropriate, it could serve as the basis for departure in every criminal case.
The court stated that a sentence in accordance with the guidelines would "denigrate the costly and exemplary manner in which the officers uncovered defendant's operations." To sentence a defendant outside the guidelines simply to recognize the efforts of police officers is improper.
Another reason for departure was that defendant engaged in a "crime binge" in which he became a menace to society. The "crime binge" consisted of alleged criminal acts for which defendant was never convicted. This is violative of rule 3.701(d)(11), Florida Rules of Criminal Procedure, which prohibits reasons for deviation that relate to "prior arrests for which convictions have not been obtained." Thrasher v. State, 477 So.2d 1083, (Fla. 1st DCA 1985).
The court also made two general statements in its reasons for departure that are not explained sufficiently to constitute clear and convincing reasons: (1) The guidelines sentence provides insufficient *465 time for retribution, rehabilitation, and deterrence of defendant; and (2) the guidelines sentence would constitute a mockery of the law.
The court set forth one reason  that defendant dealt in cocaine with younger and less-intelligent men  which would be proper except that it is not supported by evidence in the record.
Finally, the court gave two reasons for departure that are proper and supported by hearsay statements of opinion in the PSI which were not properly objected to by appellant: (1) Defendant sold cocaine "for the love of money" at a time when he was not in financial distress and was not simply acquiring cocaine for his own personal "recreational" use, and (2) defendant was the ringleader in cocaine trafficking in Bradford County. Because the statements in the PSI supporting these reasons are hearsay conclusions, however, and because we are remanding this case for resentencing, appellant may, if he intends to dispute these statements, make a proper objection to the use of the hearsay statements in the PSI and place on the state the burden to corroborate such statements.
The Supreme Court in Albritton v. State, 476 So.2d 158 (Fla. 1985), recently held that when a trial court departs from the sentencing guidelines and states both valid and invalid reasons for departure, the sentence is to be reversed and the case remanded for resentencing unless the state is able to prove beyond a reasonable doubt that the absence of the invalid reasons would not have affected the extent of the court's departure. The state failed to meet this burden. We reverse and remand to the trial court for resentencing. Any sentence outside the guidelines range must be supported by proper clear and convincing reasons.
REVERSED and REMANDED.
ERVIN and WENTWORTH, JJ., concur.