530 So.2d 324 (1988)
Marcus Duane BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-469.
District Court of Appeal of Florida, Fifth District.
July 7, 1988.
Rehearing Denied September 9, 1988.
James B. Gibson, Public Defender and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
After pleading guilty to strong arm robbery, appellant was sentenced as a youthful offender to serve 4 years with the Department of Corrections to be followed by 2 years of community control. After his release from incarceration he violated his community control and was resentenced to a term of 5 1/2 years' imprisonment, a guidelines sentence, with credit for time already served.
Appellant raises two issues. Relying on Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987), he says first that he could not be resentenced for violation of community control because he had already served *325 the incarcerative portion of his sentence. We receded from Wayne in Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), where we pointed out that there was no double jeopardy obstacle to resentencing a defendant for violation of probation or community control which followed a term of incarceration. Violation of probation or community control should be met with appropriate sanctions. The court should not be relegated to the role of a toothless tiger with the ability only to roar when a violation occurs.[1]
His second contention is that he is entitled to a full 4 years' credit on his new sentence although he may not have served that full time because of gain time credit. There is no merit to this contention. He is entitled to credit only for the actual time spent in jail or prison. State v. Holmes, 360 So.2d 380 (Fla. 1978); Chaitman v. State, 495 So.2d 1231 (Fla. 5th DCA 1986). See also Walker v. State, 506 So.2d 78 (Fla. 1st DCA 1987); Hutchinson v. State, 467 So.2d 788 (Fla. 2d DCA 1985). He is not entitled to credit for time spent on probation or community control, Holmes, and what he requests would produce that result. Appellant makes no contention that he was not given credit for his actual time in jail or prison, so his sentence is
AFFIRMED.
SHARP, C.J., and COBB, J., concur.
NOTES
[1] See Riley v. Riley, 509 So.2d 1366, 1370 (Fla. 5th DCA 1987).