STONE, Judge.
The appellant was initially sentenced to five years in prison, of which the last two years were suspended with the defendant placed on probation. He was released, after serving the first portion of his sentence, with credit for gain time. The defendant violated probation and was again sentenced to five years in prison, with a credit for all time previously served.
Appellant contends that the effect of this sentence will be to deprive him of the gain time he has previously earned. However, as a general rule a defendant is not entitled to a credit on his sentence for any time other than that actually served. E.g. Butler v. State, 530 So.2d 324 (Fla. 5th DCA 1988). Any credit for previous gain time earned is solely a function of the Department of Corrections. Cf. Hall v. State, 493 So.2d 93 (Fla. 2d DCA 1986); Valdes v. State, 469 So.2d 868 (Fla. 3d DCA 1985). Nevertheless, we reverse because the maximum sentence that the trial court could impose in this case was the two year term of the suspended portion of the original sentence. See Poore v. State, 531 So.2d 161 (Fla.1988).
The original sentence in this case was a “true” split sentence. See Poore v. State, 531 So.2d at 164. In Poore, the supreme court adopted a statement from Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (en banc), recognizing that under Florida Rule of Criminal Procedure 3.986, one of the alternatives available to a judge at sentencing is to
withhold a portion of a term of imprisonment and place a defendant on probation for the withheld portion with the understanding that upon revocation of probation, the withheld portion of the sentence will reactivate ....
Poore at 164. (emphasis added)
In Poore, the supreme court discussed the various methods of combining probation with incarceration, designating the type imposed here as
(2) a “true split sentence” consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion; ...
Id. at 164. After comparing the true split sentence with the other alternatives the court then added,
However, if alternative (2) is used as the original sentence, the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence.
Id. at 164. (emphasis added)
Although the supreme court in Poore did not have to reach the issue before us, it follows that upon a violation of the probation imposed in a “true” split sentence, the length of sentence may not exceed the length of the term of the suspended period, the limits of which were established in the initial sentence.
We note that the trial court here did not have the benefit of Poore v. State at the time of imposing this sentence. With respect to the remaining issues raised, we find no error.
Reversed and remanded for resentencing in accordance with this opinion.
DOWNEY and LETTS, JJ., concur.