PER CURIAM.
The defendant appeals an upward departure from the sentencing guidelines. We reverse.
During the defendant’s probation from a grand theft conviction, he committed a burglary. As a consequence, an affidavit of probation violation and an information charging him with burglary were filed. The defendant entered a plea of guilty to the burglary charge and admitted the probation violation. At his sentencing, the assistant state attorney and defense counsel stipulated to a one cell upward departure from the recommended sentence based on the probation violation. The recommended sentence thus was between five and one-half to seven years in prison. The trial judge erroneously imposed sentences totalling eight and one-half years imprisonment on the ground that the defendant committed the substantive offense of burglary at a time when he would still have been incarcerated under his previous split sentence for grand theft had he not been released early due to gain time accrual. Such a departure ground is impermissible because the judicial system does not control gain time. It is an administrative matter controlled by the Department of Corrections. Thompson v. State, 478 So.2d 462, 464 (Fla. 1st DCA 1985); § 944.275, Fla. Stat. (1987); see Bruton v. State, 510 So.2d 1243, 1244 (Fla. 1st DCA 1987); Brooks v. State, 490 So.2d 173, 174 (Fla. 5th DCA 1986). For this reason and based on the state’s confession of error, the sentence is vacated and the cause is remanded for re-sentencing of the defendant in accordance with the applicable sentencing guidelines.
Reversed and remanded.