547 So.2d 925 (1989)
STATE of Florida, Petitioner,
v.
Milton GREEN, Respondent.
No. 73505.
Supreme Court of Florida.
July 20, 1989.
Rehearing Denied September 15, 1989.
*926 Robert A. Butterworth, Atty. Gen., Richard E. Doran, Director, Crim. Div., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for respondent.
EHRLICH, Chief Justice.
We have for review Green v. State, 539 So.2d 484 (Fla. 1st DCA 1988) (on rehearing), because of direct conflict with Butler v. State, 530 So.2d 324 (Fla. 5th DCA), review denied, 539 So.2d 475 (Fla. 1988). We have jurisdiction pursuant to article V, section 3(b)(3), of the Florida Constitution, and approve the decision of the First District Court of Appeal.
Green pled nolo contendere to two counts of attempted sexual battery and was sentenced to four and one-half years in prison, to be followed by three years' probation. He received 287 days' credit for time served in jail before sentencing. While in prison, Green accumulated gain-time and was released after serving only 518 days of his four and one-half year sentence. His probation was later revoked due to violation and he was sentenced to seven years in prison. At resentencing, Green was given 805 days' credit for time served (518 days in prison plus 287 days served before original sentencing), but was not given credit for gain-time earned while previously incarcerated. Green appealed to the First District Court of Appeal, which reversed, holding that Green was entitled to credit earned gain-time against the new sentence imposed for probation violation. We agree.
Section 944.275(1), Florida Statutes (1987), authorizes the Department of Corrections (department) to grant "gain-time in order to encourage satisfactory prisoner behavior, to provide incentive for prisoners to participate in productive activities, and to reward prisoners who perform outstanding deeds or services." A prisoner who is released early because of gain-time is considered to have completed his sentence in full. See § 944.291, Fla. Stat. (1987). Receipt of gain-time is dependent on a prisoner's behavior while in prison, not on satisfactory behavior once the prisoner has been released from incarceration. Therefore, accrued gain-time is the functional equivalent of time spent in prison.
Green earned gain-time due to his satisfactory behavior while in prison. Because of that accumulated gain-time, Green was released early, and the incarceration part of his split sentence was finished, although he was still required to serve the probation part of his split sentence. Upon resentencing after violation of the probation, Green was clearly entitled to credit for the time served on the original sentence. State v. Holmes, 360 So.2d 380 (Fla. 1978); see also North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The trial court only counted the time Green actually spent in prison as time served. This denial of credit for gain-time already accrued was essentially a retroactive forfeiture of gain-time.
Section 944.28, Florida Statutes (1987), governs the forfeiture of gain-time. This section lists circumstances that justify forfeiture of gain-time, including a conviction for escape or the revocation of parole. There is no statutory authority, however, for forfeiture of gain-time upon revocation of probation. It is a well-recognized rule of statutory construction that the mention of one thing implies the exclusion of another. See, e.g., PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla. 1988). Therefore, the revocation of probation is not a circumstance that may be used to justify the forfeiture of statutory gain-time.
Further, as the district court noted, "[t]he awarding of statutory gain time is *927 solely a function of the [department], and the trial court is without authority to prevent such award or order its waiver." Green, 539 So.2d at 485. The statute places in the hands of the department the ability to award, forfeit, or restore gain-time. There is no statutory authority for the court to initiate the forfeiture of gain-time by denying credit for accrued gain-time at resentencing.
We therefore hold that Green is entitled to include earned gain-time when computing time served to credit against the sentence imposed after revocation of probation which is part of a probationary split sentence. We approve the decision of the district court below and disapprove Butler v. State to the extent it is inconsistent with this opinion.
It is so ordered.
OVERTON, McDONALD, BARKETT and KOGAN, JJ., concur.
GRIMES, J., dissents with an opinion, in which SHAW, J., concurs.
GRIMES, Justice, dissenting.
The majority is mixing apples with oranges.
At one time it was within the judge's discretion whether to award a defendant credit for the time served in jail prior to being sentenced. § 921.161, Fla. Stat. (1963). Miller v. State, 270 So.2d 774 (Fla. 3d DCA 1972), cert. denied, 276 So.2d 170 (Fla. 1973); Presha v. State, 216 So.2d 790 (Fla. 2d DCA 1968). The statute was later amended to provide that "the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence." Thereafter, in State v. Jones, 327 So.2d 18, 25 (Fla. 1976), this Court held that a defendant who was sentenced to jail followed by probation "must be given credit for the time spent in jail" against the new sentence imposed upon the violation of probation. Accord State v. Holmes, 360 So.2d 380 (Fla. 1978).
The purpose of giving credit for time served is to insure that a defendant does not spend more time in jail than the term of his sentence. For every day he has spent in jail, he is given an equivalent day's credit against a subsequent sentence pertaining to the same offense. The purpose of gain-time is altogether different. It is designed to provide an opportunity for early release from jail upon good behavior.
In the instant case, when Green was given a new sentence for violating his probation, he was given credit for every day he spent in jail. This is what credit for time served is all about. The fact that he may have been released from prison early because of accumulated gain-time has nothing to do with "credit for time served." There is no forfeiture of gain-time because Green obtained its benefits when he was released from prison early.
Four district courts of appeal have squarely addressed this issue. Standing against the decision of the First District Court of Appeal being approved in this case are holdings of the Third, Fourth, and Fifth District Courts of Appeal. Cole v. State, 14 F.L.W. 1138 (Fla. 3d DCA May 9, 1989); Dixon v. State, 546 So.2d 1194 (Fla. 3d DCA 1989); Chapman v. State, 538 So.2d 965 (Fla. 4th DCA 1989); Butler v. State, 530 So.2d 324 (Fla. 5th DCA 1989). Even the First District Court of Appeal must be in doubt because a subsequent panel of that court has refused to award credit for gain-time. Carter v. State, 14 F.L.W. 946 (Fla. 1st DCA April 14, 1989) (opinion temporarily withdrawn, 14 F.L.W. 1004 (Fla. 1st DCA April 19, 1989)). As noted in Cole, gain-time is not for the courts but for the Department of Corrections to determine. See also Cummings v. State, 545 So.2d 448 (Fla. 3d DCA 1989); Thompson v. State, 478 So.2d 462 (Fla. 1st DCA 1985) (the judicial system never has control over gain-time). Thus, even though the court does not give Green credit for the gain-time, this is not determinative of whether the Department of Corrections again allots the credited gain-time as an administrative matter.
I respectfully dissent.
SHAW, J., concurs.