GUNTHER, Judge.
The appellant’s conviction and 15-year sentence for the 1987 robbery of the Stop- and-Go store is affirmed. However, appellant’s 15-year concurrent sentences imposed for violating the terms of his community control are reversed and remanded for resentencing.
In 1985 and 1986, the appellant committed the offenses of robbery and burglary. Appellant was adjudged guilty of each offense and sentenced as a youthful offender pursuant to section 958.06 Florida Statutes to a term of six years with four years’ imprisonment, the balance of the term suspended and the appellant placed in a community control program for a period of two years. When the appellant violated his community control in 1987 by committing the Stop-and-Go robbery, the judge revoked his community control and imposed concurrent sentences of fifteen years for the 1985 and 1986 offenses.
In the instant case, because the appellant received a sentence “consisting of a total period of confinement with a portion of the confinement period suspended and the [appellant] placed on probation for that suspended portion” the appellant received what is known as a “true split sentence.” Poore v. State, 581 So.2d 161, 164 (Fla. 1988). In Poore, the Florida Supreme Court explained that if a defendant originally receives a true split sentence:
the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence. Section 948.06(1) would not apply in this latter instance because no new fact would be available for consideration by the sentencing judge. See [North Carolina v.] Pearce [, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) ]. The possibility of the violation already has been considered, albeit prospectively, when the judge determined the total period of incarceration and suspended a portion of that sentence, during which the defendant would be on probation. In effect, the judge has sentenced in advance for the contingency of a probation violation, and will not later be permitted to change his or her mind on that question, (emphasis in original)
Poore, 531 So.2d at 164-165. Accord Franklin v. State, 545 So.2d 851 (Fla. 1989); Chapman v. State, 538 So.2d 965 (Fla. 4th DCA 1989).
Thus, according to Poore, upon violating a condition of his community control, the appellant in this case could only be sentenced to a period of time which would not exceed the suspended portion of his original sentence. Consequently, the maximum sentence the trial court can impose at resentencing is the two-year suspended portion of the appellant’s original sentence.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
DOWNEY and WALDEN, JJ., concur.