SCHEB, Acting Chief Judge.
James Mathis appeals the circuit court’s order of February 5, 1990, denying for the second time his pro se “motion for additional jail time credit.”
This court initially reviewed Mathis’s motion in Mathis v. State, 549 So.2d 1047 (Fla. 2d DCA 1989). Mathis had alleged as follows: On August 12, 1986, he was given concurrent split sentences in six separate cases. On May 8, 1987, Mathis having been released from prison, the probationary portion of these sentences was revoked and he was placed on community control. On January 25, 1988, this too was revoked and Mathis received another series of split sentences involving prison followed by community control. Finally, on December 29, 1988, Mathis’s community control was revoked and he was sentenced to a total of fifty years in prison. The motion sought credit against that sentence for all gain time accrued during the two previous incarcerations. The trial court denied the mo *1122 tion, but this court reversed on the authority of State v. Green, 547 So.2d 925 (Fla. 1989), decided during the interim between the trial court’s ruling and the appeal.
Upon remand the trial court entered the order presently under review, which declares that “the state and defense have agreed that defendant has been given ... the correct amount of credit time.” Before issuing this order the trial judge held three separate hearings. On November 14, 1989, the court conducted a “mandate hearing” and instructed the clerk to award Mathis all the credit-time to which he was entitled. The clerk indicated she did not know how much to award, and a prosecutor suggested they “put credit for all that time served including gain time ... and let the guys up at D.O.C. figure it out.” On December 11, 1989, however, a public defender represented that the amount of credit awarded “is correct.” Then, on February 2, 1990, there were more discussions about the case, noting that Mathis received consecutive sentences in each of six separate case numbers with credit applied only against the first sentence. Another public defender asserted that “everything is correct.”
Unfortunately we must conclude that these proceedings, and the exhibits forwarded by the trial court, do not sufficiently address what we perceive to be the thrust of Mathis’s motion. Attached to the most recent order are commitment papers reflecting various amounts of credit-time “as stipulated.” However, these papers were filed in the trial court in 1988 and so predate our 1989 opinion directing the court to revisit the case in light of the supreme court’s decision in Green. The discussion of concurrent versus consecutive sentences suggests to us that the parties may have been confusing the Green issue with the unrelated credit-time problem described in Daniels v. State, 491 So.2d 543 (Fla.1986), involving equal credit against concurrent sentences. In any event, we continue to be faced with a defendant who contends that he has earned at least 1,640 days’ credit for time served, and a record which does not conclusively refute his contention. Calculation of credit-time is a function of the trial court and not the appellate court — as is the threshold determination whether the movant is, in fact, accurately and truthfully describing the circumstances of his case.
In light of the foregoing we reverse this case for further proceedings. After remand the trial court shall again address the issue of how much credit Mathis is entitled to receive by virtue of the holding in Green and shall enter an order specifying the amount of credit applicable to each of the sentences Mathis is presently serving.
Reversed.
FRANK and ALTENBERND, JJ„ concur.