PER CURIAM.
Thaddeus Brown (Brown) was charged by information with trafficking in more than 200 grams of cocaine on March 8, 1989. He pled nolo contendere to the charge, and was convicted of one count of trafficking, in violation of section 893.135, Florida Statutes (1989), a first-degree felony. Brown was sentenced to five years in prison, to be followed by a term of five years on probation. He served the prison term in fourteen months, due to a combination of mandatory and incentive gain time, and was released on probation.
Brown subsequently violated the terms of his probation and was revoked. At sentene- *700 ing, the State advised the court that Brown had credit for five years in prison, to which the judge responded: “he ... gets credit for the five years less any forfeited gain time or early release, whatever. I think he’s entitled to exactly what he served: no more, no less. And that’s as plain as I can put it, folks.” The trial judge then sentenced Brown to eight years in prison, with credit only for the actual time he spent in prison before resen-tencing, and thirty-six days in jail while awaiting the hearing and resentencing. Brown appeals this sentence.
The State correctly concedes that the trial court erred in limiting Brown’s credit to time actually served and forfeiting the gain time he earned on the incarcerative portion of his split sentence. Moultrie v. State, 618 So.2d 789 (Fla. 1st DCA 1993) (citing State v. Green, 547 So.2d 925 (Fla.1989)). Prior to the enactment of section 948.06(6), Florida Statutes (1989), when a split sentence was imposed and the probationary portion of that split sentence was revoked, credit was given for both time actually served in prison and gain time earned under section 944.275, Florida Statutes (1987).[1] State v. Green, 547 So.2d 925. Section 948.06(6) however effectively overruled State v. Green.[2] Because Brown committed the original underlying offense before the effective date of this statutory amendment, this case is governed by Green. Moultrie v. State; Jackson v. State, 619 So.2d 431 (Fla. 1st DCA 1993).
We thus remand with instructions that the trial court give Brown credit for the entire five-year prison portion of his split sentence, as well as credit for the time he served while awaiting the violation of probation hearing and sentencing. This may be accomplished by order of the trial court without requiring the presence of appellant.
BOOTH, LAWRENCE and DAVIS, JJ., concur.

. "Credit for time served” did not include "provisional credits” or "administrative gain time” credits under section 944.277, Florida Statutes (1988); these credits are used to alleviate prison overcrowding. Tripp v. State, 622 So.2d 941, 942-43 n. 2 (Fla.1993).

. Section 948.06(6), Florida Statutes (1989), provides in relevant part:
Notwithstanding any provision of law to the contrary, whenever probation or community control, including the probationary or community control portion of a split sentence, is violated and the probation or community control is revoked, the offender, by reason of his misconduct, may be deemed to have forfeited all gain-time or commutation of time for good conduct, as provided by law, earned up to the date of his release on probation or community control from a state correctional institution. This subsection does not deprive the prisoner of his right to gain-time or commutation of time for good conduct, as provided by law, from the date on which he is returned to prison.