RYDER, Acting Chief Judge.
Eugene Hopps seeks review of the sentence he received after the trial court revoked his probation on a previously imposed split sentence. He asserts that the lower court erred in failing to give him credit on his new sentence for gain time earned on the incareerative portion of his initial sentence. We agree and reverse.
In 1986, Hopps pleaded guilty to numerous offenses and the trial court sentenced him to fifteen years’ imprisonment, to be followed by five years’ probation. Hopps completed his 5,475-day period of incarceration in December 1991 through a combination of time actually served, gain time, provisional credits and early release. When the trial court sentenced him for violation of probation in March 1992, it allowed him approximately 2,173 days’ credit for time previously served. A letter from the Department of Corrections indicates that this credit does not include incentive gain time. Because his original offenses occurred before 1989, under Tripp v. State, 622 So.2d 941, 942 n. 2 (Fla.1993), Hopps is entitled to receive credit for the time he served in prison, including incentive gain time. We note that he is not entitled to a reduction in time to be served for provisional credits, administrative gain time or control release. State v. Green, 547 So.2d 925 (Fla.1989). Accordingly, we vacate the sentence in part and remand for a proper award of credit for time served.
Sentence vacated in part and remanded.
DANAHY and CAMPBELL, JJ„ concur.