HALL, Judge.
Bruce Gant appeals from an amended order, which disposes of issues he raised in a motion to correct sentence and an amended motion for time served filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion to correct sentence, Gant alleged that while his judgment and sentence on a violation of probation indicate that he was sentenced to two and one-half years’ imprisonment — a sentence he claimed he agreed to — the memo of sentence issued at the time of his judgment and sentence indicates that three and one-half years’ was imposed. Gant thus complained that, based on the memo of sentence, the Department of Corrections improperly considered him sentenced to three and one-half years. In his motion for time served, Gant further alleged he was not given proper credit for time he spent in prison on the substantive charge underlying the probation violation. We remand for attachments and for reconsideration of Gant’s motion for time served.
In 1983, Gant pled guilty to aggravated battery. He was, thus, sentenced to four years’ imprisonment followed by five years’ probation. In 1985, while serving his probationary term, Gant violated such by failing to report to his probation officer. Gant was arrested for the probation violation in 1993.
In an amended order dated June 15, 1994, the trial court found that Gant had admitted to the probation violation with the understanding that he would be sentenced to three and one-half years’ imprisonment. To support that finding, the trial court cited the transcript from Gant’s violation of probation hearing and quoted the colloquy which took place between Gant and the trial judge at that time. A copy of that portion of the transcript was not attached to the order, however. At any rate, based on the transcript, the trial court granted Gant’s motion to correct and thereby modified his sentence “to a commitment to the Department of Corrections for a term of three and one half [sic] (3-½) years.”
In response to a letter from the Department of Corrections, the trial court’s order went on to find that Gant was entitled to credit for sixty-seven days he spent in the county jail prior to being sentenced on the violation of probation, plus credit for twenty-eight days’ jail time originally served for aggravated battery. The trial court further found that Gant was entitled to zero credit for time served on the probationary portion of his original split sentence because he never actually served any time thereon.
*86 As to Gant’s complaint regarding the duration of his current sentence, we remand for attachments of that portion of the violation of probation hearing transcript which conclusively refutes Gant’s claim that the memo of sentence in this instance was incorrect. As to Gant’s motion for time served, it is unclear whether Gant’s original sentence was a true split sentence or a probationary split sentence as those sentencing options are defined in Poore v. State, 531 So.2d 161 (Fla.1988). It is likewise unclear whether Gant was adjudicated guilty and sentenced on a singular offense or for multiple offenses. Upon resentencing after a violation of probation, however, a defendant is entitled to credit for time served and gain time accrued during any earlier imprisonment underlying the probation violation. State v. Green, 547 So.2d 925 (Fla.1989); State v. Carter, 553 So.2d 169 (Fla.1989); Brown v. State, 632 So.2d 699 (Fla. 1st DCA 1994); Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA 1992). Though State v. Green has since been overruled by section 948.06(6), Florida Statutes (1989), Green continues to govern where the offenses underlying the probation violation occurred prior to the effective date of the statute. Carter, 553 So.2d 169; Hopps v. State, 633 So.2d 1136 (Fla. 2d DCA 1994); Brown, 632 So.2d 699; Ferguson, 594 So.2d 864.
Though Gant’s judgment and sentencing documents are not included in the instant record, Gant’s motion and the trial court’s amended order indicate that the underlying substantive offense or offenses here occurred in 1983. Green is thus controlling and, as it would appear pursuant thereto, Gant is entitled to credit for time served as well as any gain time accrued upon resentencing for his probation violation. He is not, however, entitled to a reduction in time for any provisional credits, administrative gain time, or control release. See Tripp v. State, 622 So.2d 941, 942 n. 2 (Fla.1993). See also Hopps, 633 So.2d 1136.
Therefore, based on the foregoing, we remand the instant case to the trial court for reconsideration of Gant’s motion for time served. Regardless of whether the trial court resolves the credit issue as it did in its June 15 order, we direct it to attach to its subsequent order any documents which conclusively demonstrate that it properly calculated such credits under the appropriate law. Such documentation should include Gant’s original judgment(s) and sentence(s), any documentation provided by the Department of Corrections, and any other documentation necessary to support the trial court’s determination.
Accordingly, the instant cause is remanded with directions consistent with this opinion.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.