646 So.2d 791 (1994)
Eddie BRANTON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03056.
District Court of Appeal of Florida, Second District.
December 2, 1994.
PER CURIAM.
Eddie Branton appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He contends the trial court erred in failing to credit him with prison time he served prior to the revocation of his probation. We agree and reverse.
The instant record shows that upon revocation of his probation, Branton was resentenced for three offenses he committed in July 1989. Upon resentencing, Branton was not given full credit for time served on the *792 incarcerative portion of his original split sentence in that he was not credited with the gain time he was awarded prior to being placed on probation. The Department of Corrections explained in a letter to Branton that in recalculating his sentences, it did not credit him with the gain time at issue because the trial court did not expressly authorize such credit.
Pursuant to State v. Green, 547 So.2d 925 (Fla. 1989), Branton is entitled to credit for all time served, including gain time he was awarded prior to being placed on probation, as the offenses at issue were committed before October 1, 1989. See also Tripp v. State, 622 So.2d 941 (Fla. 1993). Since it is the function of the sentencing court to assure compliance with Green and Tripp, the instant case must be remanded for resentencing. See Thomas v. State, 612 So.2d 684 (Fla. 5th DCA 1993); Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992).
Accordingly, the instant case is reversed and remanded.
CAMPBELL, A.C.J., and BLUE and QUINCE, JJ., concur.