PER CURIAM.
Steven Sapp appeals the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he argued that the trial court failed to fully credit him with time served prior to the revocation of his probation. We agree that the sentence imposed failed to afford the proper credit, and therefore reverse and remand.
In 1989, Sapp received a split sentence of incarceration followed by a term of probation for the offense of robbery with a firearm. Upon revocation of his probation, Sapp was resentenced to a term of incarceration, and was allowed credit for “all time previously served at DOC in this case.” The Department of Corrections, however, advised Sapp that in recalculating his sentence, it did not credit him with unforfeited gain time earned during his prior incarceration because the trial court did not expressly authorize such credit. The department’s memorandum advising Sapp of this fact suggested that he may wish to petition the trial court for this credit, which he did through the motion at issue here. In considering same, the trial court concluded that the sentence imposed after violation of probation already afforded Sapp the credit he sought, and therefore denied relief.
Pursuant to State v. Green, 547 So.2d 925 (Fla.1989), Sapp is entitled to credit for all time served, including gain time awarded prior to being placed on probation, since his offense occurred prior to October 1, 1989. But see Tripp v. State, 622 So.2d 941, 942 n. 2 (Fla.1993) (“credit for time served” under Green includes time actually served and gain time granted pursuant to section 944.275, but does not include provisional credits or administrative gain time). Because it is the function of the sentencing court to assure compliance with Green, this case must be remanded for resentencing. See Branton v. State, 646 So.2d 791 (Fla. 2d DCA 1994). We note that while the trial court is required to specifically provide for Green credit in its sentence, it may delegate to the Department of Corrections the ministerial task of determining the exact amount of such credit. Bacon v. State, 647 So.2d 332 (Fla. 5th DCA 1994); Mongiouvi v. State, 639 So.2d 686 (Fla. 2d DCA 1994).
REVERSED AND REMANDED.
ERVIN, BOOTH and JOANOS, JJ., concur.