WHATLEY, Judge.
The appellant, Chester Travis Byers, challenges the amount of credit he was given for time served in two eases. Several issues are raised by the parties on appeal. We find merit only in Byers’ contention that the sentencing order should have specified what type of credit for time served he is entitled to receive.
In case number 92-14493, Byers was sentenced to 15 years’ prison. At the sentencing hearing, the parties stipulated that the credit for time served was 209 days. This is correctly reflected on the sentencing order. Therefore, there was no error regarding the sentencing in this case.
In case number 87-10183, which involved a violation of probation, the sentencing order reflects that Byers is to receive 422 days’ credit for jail time served, in addition to the Department of Corrections’ (DOC) credit for the time he spent in prison. The sentencing order does not indicate whether Byers is to receive both real time and gain time credit for the time he spent in prison.
In the violation of probation case, Byers committed the crimes in 1986. Under State v. Green, 547 So.2d 925 (Fla.1989), and Tripp v. State, 622 So.2d 941 (Fla.1993), since the crimes occurred before October 1, 1989, Byers’ credit for time served should include the time actually served and gain time. Under Branton v. State, 646 So.2d 791 (Fla. 2d DCA 1994), it is the function of the sentencing court to assure compliance with Tripp.
Accordingly, since the sentencing order in this case does not indicate that Byers is to receive credit for time actually served and credit for gain time, the case should be remanded for resentencing. Otherwise, Byers’ conviction and sentence is affirmed.
Affirmed in part and reversed in part.
THREADGILL, A.C.J., and PARKER, J., concur.