PER CURIAM.
Willie Howard appeals the summary denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Howard, in his motion, contended he should receive 219 days’ credit for the time he spent in Sarasota County Jail prior to sentencing. The trial court, in its order, granted Howard a total of 328 days’ jail credit. Howard was not satisfied with the trial court’s determination and appealed the order. From the limited record before this court, we were unable to confirm the findings of the trial court, because the court failed to attach to its order those portions of the *641 record refuting appellant’s allegation that he deserves an additional 219 days’ jail credit. This court ordered a response from the attorney general, who conceded that Howard is entitled to additional jail credit for time served prior to his revocation of probation and further stated that Howard may be entitled to gain time credit on his 1987 sentence under Tripp v. State, 622 So.2d 941 (Fla. 1993). Since it is the function of the sentencing court to assure compliance with Tripp, the instant case must be reversed and remanded for further proceedings. See Branton v. State, 646 So.2d 791 (Fla. 2d DCA 1994).
Reversed and remanded.
THREADGILL, C.J., and BLUE and WHATLEY, JJ., concur.