GOSHORN, Judge.
Allan D. Curry appeals the summary denial of his 3.800(a) motion to correct his sentence. He alleges that he was charged by information in 1988 with lewd assault on a child under 16 years, pled guilty and was sentenced to 6 months’ county jail followed by 5 years’ probation. In January, 1993, Curry violated his probation and after revocation received 2½ years’ incarceration followed by 5 years’ probation. In September, 1994, Curry violated the second term of probation and after revocation received 3½ years’ incarceration.
His 3.800(a) motion seeks proper jail credit. Curry alleges that the trial court did not award full credit for all of the gain time that accrued during the inearcerative portions of his probationary split sentence. The trial court, in denying relief, entered two orders. One order simply states “Order to reflect credit for time served.” The other order denied Curry’s motion to correct sentence and provided that any gain time not credited would be forfeited. We reverse.
October 1, 1989 was the effective date of the amendment to section 948.06, Florida Statutes (1993) which allows forfeiture of gain time following a violation of probation. See § 948.06(6), Fla.Stat. (1993); Ch. 89-531, §§ 13,19, Laws of Fla. As Curry committed his offenses prior to October 1, 1989, he is entitled to receive credit for all accrued gain time. See Bradley v. State, 631 So.2d 1096 (Fla.1994); Brown v. State, 632 So.2d 699 *463 (Fla. 1st DCA 1994). See also State v. Green, 547 So.2d 925 (Fla.1989).
REVERSED and REMANDED.
PETERSON, C.J. and COBB, J., concur.