JOANOS, Judge.
Robert B. Sheppard, appellant, appeals an order denying his post-conviction motion for clarification or correction of sentence. Fla. R.Crim.P. 3.800(a). We affirm.
In February 1987, appellant pled guilty to a second-degree felony, and was placed on probation for a period of 7 years. In February 1989, appellant pled no contest to violation of probation. On March 9, 1989, the trial court adjudicated appellant guilty, and imposed a sentence of 3½ years, to be followed by 10 years of probation. In May 1993, appellant’s probation was revoked, then reinstated for a period of 6 years, 4 months, and 13 days. In November 1994, appellant’s probation again was revoked, and he was sentenced to a 7-year term of incarceration, and was given credit for 3½ years and 26 days, for time served in prison and in jail.
In January 1995, appellant filed the instant motion for clarification or correction of credit for time previously served on the 1986 offense asserting that he had not been given credit for “unforfeited gain time.” The trial court denied the motion, finding the predecessor judge who imposed the sentence granted the correct amount of credit. Attached to the order were copies of the judgment and sentencing documents.
An offender who committed a crime before October 1,1989, for which he received a split sentence of incarceration followed by probation, is entitled to receive credit for *387 time actually served and gain time credit against a subsequent sentence imposed when probation is revoked. State v. Green, 547 So.2d 925 (Fla.1989). See also Tripp v. State, 622 So.2d 941 (Fla.1993); Byers v. State, 652 So.2d 1221 (Fla. 2d DCA 1995); Branton v. State, 646 So.2d 791, 792 (Fla. 2d DCA 1994).
The state agrees the amendment to section 948.06, Florida Statutes, which permits forfeiture of gain time when the probationary portion of a split sentence is revoked, does not apply to appellant’s offense which was committed before the effective date of the amended statute.[1] Nevertheless, the state maintains the rule 3.800(a) motion was properly denied, because the record shows that the trial court awarded appellant full credit for the 3⅛ years of incarceration. We agree. The record reflects the trial court awarded the correct amount of credit for time served in connection with the 1986 offense, i.e., 3½ years served in the custody of the Department of Corrections, which necessarily includes the gain time which helped appellant earn an early release, together with 26 days served in jail.
Accordingly, we affirm the order denying appellant’s motion to correct or clarify sentence.
BOOTH, J., concurs.
BENTON, J., dissents with opinion.

. In 1989, subsection (6) was added to section 948.06, Florida Statutes, to provide in part:
Notwithstanding any provision of law to the contrary, whenever probation or community control, including the probationary or community control portion of a split sentence, is violated and the probation or community control is revoked, the offender, by reason of his misconduct, may be deemed to have forfeited all gain-time or commutation of time for good conduct, as provided by law, earned up to the date of his release on probation or community control from a state correctional institution.
See Ch. 89-531, § 13, Laws of Fla.