SCHOONOVER, Judge.
The appellant, George William Leasure, challenges the judgments and sentences imposed upon him after he was found guilty of violating the terms and conditions of his probation. We find no merit in the appellant’s contention that the trial court erred by finding that he had violated the terms and conditions of his probation and, accordingly, affirm the judgments and sentences in that regard without further discussion. We, however, must remand for the entry of an order which ensures that the appellant will receive all of the credit that he is entitled to receive for time served.
Pursuant to a plea agreement, the appellant originally pled nolo contendere to three counts of attempted sexual battery on a child under twelve years of age (counts I, II, and Ill) and one count of committing a lewd act in the presence of a child (count VI). Two counts of committing a lewd act on a child (counts IV and V) were nol prossed. He was sentenced to serve three years imprisonment followed by seven years probation on count I and to serve three concurrent terms of seven years probation on the remaining charges. All three terms of probation on the remaining charges were to be served consecutively to the term of imprisonment on count I, but concurrently with the probation on that count.
After the appellant’s probation was revoked, he was sentenced to serve three concurrent sentences of twenty years imprisonment on the three counts of attempted sexual battery on a child under twelve years of age and another concurrent sentence of fifteen years imprisonment on the lewd act in the presence of a child count. Shortly after the trial court imposed those sentences, it mitigated them and imposed four ten year concurrent sentences. Although the court indicated orally that the appellant should receive credit for time served, the written sentences did not provide that the appellant should receive credit for time served in the Department of Corrections prior to resentencing. This timely appeal followed.
On appeal, the state does not challenge the appellant’s contention that the offenses must be considered to have been committed prior to October 1, 1989, and concedes that under Tripp v. State, 622 So.2d 941 (Fla.1993), and State v. Green, 547 So.2d 925 (Fla.1989), the appellant is entitled to receive credit for time served on count I, including unforfeited gain time, on all of the charges for which he was sentenced in this matter.
We, accordingly, affirm the judgments and remand for resentencing in accordance herewith.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and QUINCE, J., concur.