PER CURIAM.
Timothy Ragan challenges the trial court’s order denying his motion to correct sentence. In the motion Ragan claims the trial court neglected to credit him with unforfeited gain time he had accumulated during the initial incarcerative portion of a split sentence when he violated the subsequent probationary portion of the sentence and a new prison sentence was imposed. We reverse.
The trial court denied relief relying on the window articulated in State v. Johnson, 616 So.2d 1 (Fla.1993). Ragan’s offense was committed on April 16, 1988, and Johnson provides relief to eligible applicants whose crimes occurred between October 1, 1989, and May 2, 1991. Johnson, however, concerns itself with the unconstitutionality of the habitual felony offender statute, and does not address unforfeited gain time eligibility first announced in State v. Green, 547 So.2d 925 (Fla.1989).
Legislation passed after Green was issued prohibited crediting prisoners with un-forfeited gain time upon the imposition of a second sentence when the prisoner violated the probationary portion of a split sentence, which became effective October 1,1989. For offenses committed before that date prisoners remain entitled to credit for their unfor-feited gain time. See Cook v. State, 645 So.2d 436, 438 n. 6 (Fla.1994).
Accordingly, we reverse for the trial court to review Ragan’s motion in view of the principles of Green and Cook.
Reversed and remanded.
SCHOONOVER, A.C.J., and FULMER and WHATLEY, JJ„ concur.