DANAHY, Judge.
On May 24, 1989, Keith L. Mason was sentenced to seven years in prison followed by one year of probation for robbery. Mason alleges that he violated his probation and was sentenced to three years of probation on January 21, 1993. On March 31, 1994, the trial court revoked Mason’s probation based on new violations and sentenced him to nine years in prison.
Mason’s allegation that the sentence imposed in 1989 is illegal because it exceeded the guidelines maximum of seven years is without merit because the sentence did not exceed the statutory maximum of fifteen years for robbery. However, the sentencing documents do not reflect that the trial court awarded Mason credit for gain time when the nine-year prison sentence was imposed.
In State v. Green, 547 So.2d 925 (Fla.1989), the supreme court held that where probation is revoked due to violation and a prison sentence is imposed, the defendant is entitled not only to credit for time actually served in prison but also gain time earned while previously incarcerated. Because Mason committed the robbery prior to October 1, 1989, he is entitled to credit pursuant to Green.
Accordingly, we reverse and remand for resentencing. The sentence imposed must award credit not only for prison time served but for gain time earned. For purposes of determining gain time, the trial court may permit the Department of Corrections to provide the trial court with the amount of gain time earned by the appellant according to the Department’s records.
We reverse and remand for resentencing in accordance with this opinion.
RYDER, A.C.J., and ALTENBERND, J., concur.