472 So.2d 1369 (1985)
Arthur EASTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2827.
District Court of Appeal of Florida, Third District.
July 30, 1985.
Bennett H. Brummer, Public Defender and Arthur W. Carter and John H. Lipinski, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The trial court imposed a twenty-two year sentence, the maximum under the guidelines, and also provided that, if the defendant were to be released by virtue of gain time at any time before he served the entire term, he was to be placed on probation for whatever the length of the remaining period. We conclude that, for two reasons, the order of probation is wholly erroneous and must be stricken.
First, the term is unauthorized by the applicable statute, section 948.01(8), Florida Statutes (1983),[1] which provides only that
the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation ... upon completion of any specified period of such sentence. [emphasis supplied]
Subsection (8) goes on to say that when such a proper term of probation is imposed, that "period ... shall commence immediately upon the release of the defendant from incarceration, whether by parole or gaintime *1370 allowances."[2] This portion of the statute obviously runs counter to the assumption of the order before us that one may be on probation when he is released before his specified prison sentence has run.
Second, the order would improperly negate (a) the exclusive authority of the Department of Corrections to allot gain time, see Prince v. State, 421 So.2d 791 (Fla. 1st DCA 1982); (b) the very purpose of permitting gain time as a "reward" for good behavior, see section 944.275, Florida Statutes (1983); and (c) the specific statutory provision that, when the Department releases a prisoner on account of earned gain time, he is no longer even on parole for the remainder of the original sentence. Section 944.291, Florida Statutes (1983). See also Valdes v. State, 469 So.2d 868 (Fla. 3d DCA 1985), and cases cited (sentence condition precluding gain time improper).
Since the defendant's remaining points present no error, see Spinkellink v. State, 313 So.2d 666 (Fla. 1975); Damon v. State, 397 So.2d 1224, 1225 n. 3 (Fla. 3d DCA 1981); Tucker v. State, 388 So.2d 6 (Fla. 3d DCA 1980), pet. for review denied, 392 So.2d 1380 (Fla. 1981), the judgments under review are otherwise affirmed.
Affirmed as modified.
NOTES
[1] In its entirety, the subsection states as follows:

948.01 When court may place defendant on probation or into community control. 
(8) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court. The period of probation shall commence immediately upon the release of the defendant from incarceration, whether by parol or gain-time allowances.
[2] We note that the addition of this sentence in 1983 expressly confirms the holding of State v. Tavel, 407 So.2d 953 (Fla. 3d DCA 1981), pet. for review denied, 417 So.2d 331 (Fla. 1982); but cf., Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981); Johnson v. State, 419 So.2d 752 (Fla. 2d DCA 1982), pet. for review denied, 427 So.2d 737 (Fla. 1983).