SHIVERS, Judge.
Appellant, defendant below, was found guilty after a jury trial of second-degree murder. He now raises two arguments on appeal: (1) that the trial court erred in giving a jury instruction on the law of principals, and (2) that the trial court erred in departing from the sentencing guidelines. We find that the court was justified in giving the complained of jury instruction and, thus, we affirm the judgment. As to the second issue, however, we reverse and remand for resentencing.
The sentencing guidelines scoresheet in this case recommended a sentence of 12-17 years incarceration. The court departed and imposed a sentence of 30 years, finding that the circumstances surrounding both the instant offense and a prior 1981 burglary conviction demonstrated a “continuing propensity and pattern of violent conduct which justifies departure from the sentencing guidelines.”
This does not constitute a valid reason for departure in the instant case. This court has recently held, in Smith v. State, 479 So.2d 804 (Fla. 1st DCA 1985) that a finding of a “violent pattern of conduct” cannot be used as a basis for departure where that finding is “apparently based factually on past convictions alone, without further explanation.” 479 So.2d at 808. The Smith decision is based on the supreme court’s holding in Hendrix v. State, 475 So.2d 1218 (Fla.1985) that it is improper to consider a defendant’s prior convictions as a basis for departure. Since the court’s finding of a pattern of violent conduct is based solely on the circumstances surrounding the instant offense and the prior offense, and since both offenses are already taken into account on the sentencing guidelines scoresheet, the reason for departure is improper. Further, according to the suprelme court’s recent decision in State v. Mischler, 488 So.2d 523 (Fla.1986), the reason for departure falls into one of the three categories which obligate this court to find the departure invalid.
Accordingly, the sentence is reversed and the matter remanded for resentencing.
REVERSED and REMANDED.
WIGGINTON, J., concurs.
BOOTH, C.J., concurs in part and dissents in part with opinion.