492 So.2d 741 (1986)
Dennis Lee PITTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. BG-35.
District Court of Appeal of Florida, First District.
July 31, 1986.
Rehearing Denied September 10, 1986.
*742 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
In this appeal from a sentence for attempted burglary of a structure and possession of burglary tools, appellant asserts that he was illegally sentenced to a period of probation following his release from prison, to terminate on a specified date. He also contends that the trial court's written reasons for departure did not comply with the express requirements of Florida Rule of Criminal Procedure 3.701(d)(11) and that the trial court's reason for departure, that appellant has engaged in a pattern of escalating criminal conduct, is not supported by the record. We affirm.
We reject the reasoning of Easton v. State, 472 So.2d 1369 (Fla. 3d DCA 1985), upon which appellant relies for his argument that he has been illegally sentenced, and affirm the trial court's concurrent sentences of two years, to be followed by probation commencing upon appellant's release from prison and expiring on April 1, 1987.[1]
The trial court gave the following reasons for departing from the sentencing guidelines:
1) Review of the record of the Defendant reveals that he has engaged in an escalating pattern of criminal conduct (sic) culminating in the instant offense. The sentencing guidelines take into consideration the number and nature of prior criminal actions of the Defendant for scoring purposes but do not take into consideration the developing and escalating pattern and nature of criminal conduct.
2) Any other reasons articulated by this Court at the sentencing hearing. The sentencing hearing was duly reported by an official court reporter of the circuit and, in the event of an appeal, the proceeding shall be transcribed and reduced to writing for appropriate appellate review. Therefore, the Court adopts and incorporates herein such reasons and in the event of appeal, a transcript of the proceedings are to be attached hereto and become a part hereof.
In State v. Jackson, 478 So.2d 1054 (Fla. 1985), the Florida Supreme Court rejected the State's contention that the transcript of oral statements made by the judge during the sentencing was sufficient to justify departure from the guidelines. Under Jackson, *743 the second paragraph of the trial court's order is clearly inappropriate, but we find that it constitutes merely harmless error. In determining whether the trial court abused its discretion in departing from the presumptive guidelines sentence, we will ignore both the second paragraph of the order and any statements at the sentencing hearing to which it refers.
Notwithstanding the inappropriate second paragraph of the trial court's "reasons for departure," it is clear that the trial judge in this case would have departed from the recommended sentence for the single written reason alone, appellant's "escalating pattern of criminal conduct" (sic), so that the sentence imposed may be affirmed if the cited reason is determined to be "clear and convincing." State v. Young, 476 So.2d 161 (Fla. 1985).
The trial judge is entitled to determine that a defendant's criminal history can be characterized as a "pattern of escalating offenses" culminating in the instant offense. This characterization by the trial judge may then be used as a clear and convincing reason for departure.[2] It is not the function of the appellate court to "second guess" the trial judge's determination that appellant's criminal record demonstrates a pattern of successively more serious *744 offenses. In this case, the trial court apparently considered that the instant offenses (attempted burglary and possession of burglary tools) were more serious than appellant's prior conviction of attempted dealing in stolen property. We cannot say that the trial judge abused his discretion by departing from the recommended guidelines sentence of any non-state prison sanction. We therefore AFFIRM.
SHIVERS, J., concurs.
ZEHMER, J., dissents, with written opinion.
ZEHMER, Judge, dissenting.
I dissent. The departure from the sentencing guidelines recommended sentence on the ground that the record supports a finding of escalating pattern of criminal conduct in this case should be reversed. I do not view a prior third degree felony conviction followed by the instant convictions of third degree felonies as meeting the standard of proof required to support departure from the recommended sentence. Each of the prior convictions was scored in calculating the guidelines scoresheet and thus contributed to enhancement of the recommended sentence. Absent more clear and convincing proof of a substantial escalation of the seriousness of the offenses, departure on the cited ground should not be approved. The majority opinion defers to the subjective determinations of the trial judge, yet that is the very thing the guidelines are supposed to eliminate from the sentencing process. E.g., Williams v. State, 492 So.2d 1308 (Fla. 1986).
I join the majority in not following Easton v. State, 472 So.2d 1369 (Fla. 3d DCA 1985).
NOTES
[1] This date is approximately two years from the date of sentencing.
[2] The state has filed three supplementary notices of authority citing the following cases:

Johnson v. State, 477 So.2d 56 (Fla. 5th DCA 1985) (the appellate court read the trial court's reference to prior offenses as illustrating the course Johnson's criminal conduct was taking, "his offenses are progressing to the violent and dangerous");
Keen v. State, 481 So.2d 1274 (Fla. 5th DCA 1986) (the trial court found that Keen's "criminal conduct is escalating" and the departure was affirmed, Judge Cowart dissenting);
Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985) (the appellate court construed Hendrix, finding that it does not imply that a trial judge may not depart from the presumptive sentence where the defendant has failed to respond to past rehabilitative efforts, has continued to violate his probation, and has demonstrated an "evidently escalating criminal involvement"); and
Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986) (the appellate court viewed the trial court's reasons as "something substantially more than a mere reference to the defendant's prior record" and found that the defendant's "continuing and persistent pattern of criminal activity since age 16, together with the timing of such offenses relative to prior offenses and releases from incarceration or supervision, clearly demonstrate the inadequacy of sentences for the subject crimes within the guidelines range").
But see, Simmons v. State, 490 So.2d 1285 (Fla. 1st DCA 1986) (the court held invalid as a reason for departure the trial court's finding of a "continuing propensity and pattern of violent conduct", Judge Booth dissenting).
See also the following cases:
Jones v. State, 490 So.2d 131 (Fla. 4th DCA 1986) (the court affirmed departure, one of the reasons being "the increasing seriousness and violence of the acts for which the Defendant has been convicted");
Fabelo v. State, 488 So.2d 915 (Fla. 2d DCA 1986) ("under certain egregious circumstances", a departure may be based on a finding of "an escalating pattern of criminal activity," but the record failed to support such a finding);
Ballard v. State, 11 F.L.W. 1179 (Fla. 4th DCA May 21, 1986) (Ballard's "escalating pattern of more serious offenses and his unamenability to rehabilitation" found to be clear and convincing reasons for departure);
Degroat v. State, 489 So.2d 1163 (Fla. 5th DCA 1986) ("an escalating pattern of similar criminal conduct may justify the imposition of an aggravated sentence", Judge Cowart dissenting);
Patty v. State, 486 So.2d 16 (Fla. 1st DCA 1986) (Judge McCord's concurring opinion cites Booker);
Brown v. State, 483 So.2d 857 (Fla. 5th DCA 1986) (no record support for the trial court's finding of an "escalating pattern of criminal behavior");
Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986) (the court held invalid as a reason for departure the trial court's finding that Casteel's prior criminal history "establishes a pattern of conduct that renders him a continuing and serious threat to the community" because it was based on his prior record, opinion later cited in Patty);
Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985) (the court considered the trial court's reference to prior record "merely ancillary" to its finding of an escalating pattern of more serious offenses);
May v. State, 475 So.2d 1004 (Fla. 5th DCA 1985) (the court held that an escalating pattern of more serious offenses is not a factor scored under the guidelines and constitutes a proper reason for departure); and
Keys v. State, 473 So.2d 800 (Fla. 5th DCA 1985) (the court found that Keys' "escalating course of violent criminal conduct indicating that he is unsuitable for probation or community control" was one of several clear and convincing reasons for departure).