539 So.2d 590 (1989)
Freddie HEURING, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1123.
District Court of Appeal of Florida, First District.
March 10, 1989.
*591 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
No appearance for appellee.
ERVIN, Judge.
Heuring appeals the sentence of the trial court directing that he be imprisoned for a term of 25 years, with the condition that if he were released from prison prior to the expiration of his 25-year term, he shall serve the remainder of the sentence on probation. We affirm; however, we certify the question as one of great public importance.
Following reversal of an earlier conviction and remand of the case,[1] appellant entered a plea of nolo contendere to one count of sexual battery in violation of Section 794.011(4)(e), Florida Statutes (1983), a first degree felony, in return for the state's agreement to nolle prosequi one count of sexual battery, proscribed by section 794.011(2). Additionally, the agreement provided that the court could exceed the guidelines in sentencing appellant. Thereafter, appellant was sentenced to a term of imprisonment of 25 years, with credit for 992 days previously served, subject to the condition that "upon early release Def.[endant] is to serve remainder of 25 year sentence on Probation, and shall expire on a date certain to wit: August 4, 2010."
Two issues were raised by the public defender in an Anders brief.[2] The first issue concerned the validity of the following departure reason given by the trial judge: "Stipulated agreement between the State and the Defense that the Court should exceed the recommended guideline sentence."[3] As to this issue, we agree that Quarterman v. State, 527 So.2d 1380 (Fla. 1988), is controlling. There the court upheld a departure sentence under similar circumstances, based upon a finding that "the plea bargain itself serves as a clear and convincing reason for departure... ." Id. at 1382. Therefore, we find no error in the departure sentence imposed in the instant case, because a negotiated plea agreement may be a valid reason for departure.
The second point raised concerns the propriety of the sentence of 25 years in prison, with the condition that should appellant be released early, he shall serve the remainder of the 25-year sentence on probation. A similar sentence was found to be improper in Easton v. State, 472 So.2d 1369 (Fla. 3d DCA 1985).[4] However, this court expressly rejected Easton in Pittman v. State, 492 So.2d 741 (Fla. 1st DCA 1986),[5] and Fisher v. State, 493 So.2d 554 *592 (Fla. 1st DCA 1986).[6] Based upon this court's decisions in Pittman and Fisher, we affirm the plea-agreement departure sentence: 25 years, and its proviso that in the event of defendant's early release from incarceration, the defendant shall be placed on probation for the remainder of the 25-year sentence, with an expiration date of August 4, 2010. In so holding, we certify conflict with Easton.
Nevertheless, we recognize that the sentence imposed in this case gives rise to a question of great public importance in connection with the legality of the sentence imposed. In Poore v. State, 531 So.2d 161 (Fla. 1988), the supreme court observed that there are five basic sentencing alternatives available in Florida:
(1) a period of confinement; (2) a "true split sentence" consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion; (3) a "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation; (4) a Villery [v. Florida Parole and Probation Comm'n, 396 So.2d 1107 (Fla. 1980)] sentence, consisting of [a] period of probation preceded by a period of confinement imposed as a special condition; and (5) straight probation.
Id. at 164.
Upon a cursory examination, the sentence imposed in the instant case would appear to fall within the third category. However, a review of the following cases, discussed in Poore as illustrations of the "probationary split sentence," reveals that the sentences imposed in those cases differ from the sentence at bar. In Wayne v. State, 513 So.2d 689, 690 (Fla. 5th DCA 1987), quashed, 531 So.2d 160 (1988) (the supreme court concluding, contrary to the district court's opinion, that no double jeopardy violation existed), the defendant was sentenced to thirty months' incarceration, followed by two and one-half years' probation, and in Franklin v. State, 526 So.2d 159, 160 (Fla. 5th DCA 1988), the defendant was sentenced to concurrent terms of three years in a youthful offender facility to be followed by three years' community control.
Unlike the defendants in Wayne and Franklin, appellant at bar was not sentenced to probation for a term of years; rather he was placed on probation for a period of time commencing upon his release from imprisonment  his release date being uncertain due to the possible application of gain-time,[7] although the termination of the total punishment was fixed: August 4, 2010.[8] Probationary split sentences, such as those imposed in Wayne and Franklin, authorize the allotment of gain-time, permit a decrease in the confinement period, hasten the commencement of the probationary period, and consequently result in an earlier termination of the total sanction of incarceration and probation. While appellant's period of confinement can be decreased by applying gain-time, nonetheless the express conditions of the sentence forbid the termination of the probationary period *593 earlier than August 4, 2010. Clearly, this type of sentence does not have the same effect as the probationary split sentences discussed in Poore. We are therefore uncertain whether such a sentence as that imposed at bar is authorized by section 948.01(8). Accordingly, we certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER THE IMPOSITION OF A SENTENCE FOR A SPECIFIC TERM OF YEARS, WHICH, IN THE EVENT OF EARLY RELEASE THROUGH THE APPLICATION OF GAIN-TIME OR OTHERWISE, SHALL BE FOLLOWED BY A PROBATIONARY PERIOD COMMENCING UPON THE DEFENDANT'S RELEASE FROM PRISON AND CONTINUING UNTIL A DATE CERTAIN IS AN AUTHORIZED SENTENCE?
AFFIRMED.
SMITH, C.J., and NIMMONS, J., concur.
NOTES
[1] This is the second appearance by appellant before this court. See Heuring v. State, 495 So.2d 893 (Fla. 1st DCA 1986), vacated, 513 So.2d 122 (Fla. 1987).
[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[3] The record before us indicates only the agreement that in exchange for the nolle prosequi of one of the two counts charged, the court could exceed the guideline range in imposing sentence. Nothing in the record reflects any agreement as to the specific sentence which was given.
[4] The Easton court described the sentence imposed as "a twenty-two year sentence, the maximum under the guidelines, and also provided that, if the defendant were to be released by virtue of gain time at any time before he served the entire term, he was to be placed on probation for whatever the length of the remaining period." Easton, 472 So.2d at 1369. That court found the probation order to be erroneous, because it was unauthorized by Section 948.01(8), Florida Statutes (1983), and because it improperly interfered with the application of gain-time.
[5] Pittman was convicted of attempted burglary of a structure and possession of burglary tools. His sentence, imposed on April 4, 1985, was for concurrent sentences of two years, to be followed by probation "commencing upon [his] release from prison and expiring on April 1, 1987." Pittman, 492 So.2d at 742. This sentence effectively assured that Pittman would be subject to state supervision for two years, even if he were to be released from prison by virtue of gain-time.
[6] The Fisher opinion itself sets forth none of its crucial facts, therefore, pursuant to Section 90.202(6), Florida Statutes (1987), we take judicial notice of this court's records in connection with the Fisher appeal, which provide the following facts: Fisher pled nolo contendere to uttering a forged instrument, grand theft and grand theft by passing worthless bank checks. He was sentenced pursuant to a negotiated plea agreement to three years' incarceration "followed by a period of probation which will commence upon his release from prison and extend until November the 12th, 1987... ."
[7] The prohibition of administrative gain-time to sex offenders under Section 944.276(1)(c), Florida Statutes (1987), does not apply in this case, because the crime was committed prior to the effective date of this statute.
[8] We note that first degree felonies are punishable under Section 775.082(3)(b), Florida Statutes (1983), by "imprisonment for a term of years not exceeding life imprisonment." (Emphasis added.) The imposition of a probationary sentence under Section 948.01(8), Florida Statutes (1983), does not, however, require the "period of probation" to be stated in a term of years.