559 So.2d 207 (1990)
Freddie HEURING, Petitioner,
v.
STATE of Florida, Respondent.
No. 73987.
Supreme Court of Florida.
March 15, 1990.
Rehearing Denied May 1, 1990.
Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Deputy Public Defender, and Lawrence E. Korn, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
The district court certified the following question of great public importance:
WHETHER THE IMPOSITION OF A SENTENCE FOR A SPECIFIC TERM OF YEARS, WHICH, IN THE EVENT OF EARLY RELEASE THROUGH THE APPLICATION OF GAIN-TIME OR OTHERWISE, SHALL BE FOLLOWED BY A PROBATIONARY PERIOD COMMENCING UPON THE DEFENDANT'S RELEASE FROM PRISON AND CONTINUING UNTIL A DATE CERTAIN IS AN AUTHORIZED SENTENCE?
Heuring v. State, 539 So.2d 590, 593 (Fla. 1st DCA 1989). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the *208 negative and quash the decision of the district court.
Following reversal of an earlier conviction and remand of the case by the First District Court of Appeal, Heuring entered into a plea agreement with the state. The state agreed to nolle prosequi one count of sexual battery, proscribed by section 794.011(2), Florida Statutes (1983), in return for Heuring's plea of nolo contendere to one count of sexual battery in violation of section 794.011(4)(e). The agreement also provided that the court could exceed the sentencing guidelines. Heuring was sentenced to imprisonment for twenty-five years with credit for 992 days previously served, subject to the condition that should he be released early from incarceration, he would be placed on probation for the remainder of the twenty-five-year sentence. The district court affirmed the plea agreement and the departure sentence, but certified conflict with Easton v. State, 472 So.2d 1369 (Fla.3d DCA 1985) (probation order erroneous where defendant sentenced to twenty-two years' imprisonment with gain-time portion to be spent on probation).
In State v. Green, 547 So.2d 925, 926 (Fla. 1989), we ruled:
Section 944.275(1), Florida Statutes (1987), authorizes the Department of Corrections (department) to grant "gain-time in order to encourage satisfactory prisoner behavior, to provide incentive for prisoners to participate in productive activities, and to reward prisoners who perform outstanding deeds or services." A prisoner who is released early because of gain-time is considered to have completed his sentence in full. Receipt of gain-time is dependent on a prisoner's behavior while in prison, not on satisfactory behavior once the prisoner has been released from incarceration. Therefore, accrued gain-time is the functional equivalent of time spent in prison.

(Citation omitted; emphasis added.)
Under this analysis, once a prisoner is released from the remaining period of incarceration due to gain-time, that remaining period of the sentence is extinguished. No part remains to be completed in the form of probation or community control. As noted above, "accrued gain-time is the functional equivalent of time spent in prison." It logically follows that time spent in prison cannot also be spent on probation.
We answer the certified question in the negative, quash the decision of the district court below, and approve that of the court in Easton.
It is so ordered.
OVERTON, MCDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
EHRLICH, C.J., concurs with an opinion.
GRIMES, J., dissents with an opinion.
EHRLICH, Chief Justice, concurring.
While I concur in the majority's conclusion that the sentence at issue was not an authorized sentence, I write to address the concerns raised in the dissenting opinion.
This Court's conclusion in State v. Green, 547 So.2d 925, 926 (Fla. 1989), that "accrued gain-time is the functional equivalent of time spent in prison" so that a "prisoner who is released early because of gain-time is considered to have completed his sentence in full" was based upon this Court's interpretation of sections 944.275, 944.28, and 944.291, Florida Statutes (1987).[*] The dissenting opinion asserts that Green "was an erroneous application of the statute providing credit for time spent in jail," at 210, and is now being applied to bring about an illogical result in the present context. Apparently, the statute referred to by the dissent as being erroneously applied is section 921.161, Florida Statutes (1987). See Green, 547 So.2d at 927 (Grimes, J., dissenting). Section 921.161 provides, in relevant part:
(1) ... [T]he court imposing a sentence shall allow a defendant credit for all of *209 the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
(2) In addition to other credits, a person sentenced to imprisonment in custody of the Department of Corrections shall receive credit on his sentence for all time spent between sentencing and being placed in custody of the department... .

(Emphasis added.) This statute refers only to credit for time spent in county jail prior to sentencing and time spent in jail subsequent to sentencing but prior to being placed in the custody of the Department of Corrections. It is not applicable to the determination of whether a defendant is entitled to credit earned gain-time as "time served" on a sentence.
Secondly, the dissent errs in concluding that the sentence was legal on its face and would be deemed valid absent Green. Section 948.01(8), Florida Statutes (1983), provides:
Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court. The period of probation shall commence immediately upon the release of the defendant from incarceration, whether by parole or gain-time allowances.

(Emphasis added.) The imposed sentence at issue does not meet the above requirements. The sentence did not specify the period of incarceration which must be completed prior to being placed on probation. Instead, the probationary portion of the imposed sentence would become effective only if the defendant is released early from incarceration.
The trial court's sentencing order in this case is a blatant attempt to circumvent the statutory sentencing and gain-time provisions and as such cannot be countenanced. Chief Judge Schwartz was right on target in Easton v. State, 472 So.2d 1369 (Fla. 3d DCA 1985). I agree with his analysis and reasoning.
GRIMES, Justice, dissenting.
This is a good illustration of how the faulty analysis in an earlier decision is applied to bring about an illogical result in a different context.
Pursuant to a plea agreement, Heuring pled nolo contendere to a first-degree felony. Because the agreement permitted a departure from the guidelines, the judge was authorized to impose any combination of prison or probation up to a maximum of thirty years. Believing that Heuring should be in prison or under court supervision for twenty-five years but recognizing that because of the statutory provisions for gain-time there was no way to determine when Heuring's prison term would expire, the judge sentenced him to twenty-five years with the condition that if he were released from prison prior to that time he would serve the remainder of his sentence on probation. This was a logical approach, and the sentence was legal on its face. Fisher v. State, 493 So.2d 554 (Fla. 1st DCA 1986); Pittman v. State, 492 So.2d 741 (Fla. 1st DCA 1986). But see Easton v. State, 472 So.2d 1369 (Fla. 3d DCA 1985) (split sentence with similar provisions deemed invalid).
This sentence is now being held illegal because of the opinion in State v. Green, 547 So.2d 925 (Fla. 1989), which was issued after the filing of briefs. In Green, this Court mixed up gain-time with credit for time spent in jail and held that a defendant who was sent back to jail for violating the probationary portion of his split sentence was entitled to credit for the entire length of his original prison sentence even though he had received an early release because of gain-time. In the course of arriving at this *210 result, the Court said that "accrued gain-time is the functional equivalent of time spent in prison." Green, 547 So.2d at 926.
This language is now being used to say that if Heuring is released from prison early because of gain-time, he will already have served his full sentence, so there is no time left for him to be placed on probation. Green was an erroneous application of the statute providing credit for time spent in jail, and this is a dubious application of Green.
I respectfully dissent.
NOTES
[*] This conclusion may also be constitutionally required. See North Carolina v. Pearce, 395 U.S. 711, 718-19 n. 13, 89 S.Ct. 2072, 2077 n. 13, 23 L.Ed.2d 656 (1969).