PER CURIAM.
This cause is before us on appeal from a judgment and sentence. Appellant raises two issues, only one of which requires discussion.
Appellant was convicted of robbery, an offense carrying a maximum sentence of 15 years’ imprisonment. The trial court imposed a sentence of 14 years followed by a period of probation which “will be the amount of time it takes to reach the maximum 15-year sentence in this case depending on [the] time served in [the Department of Corrections].”
In Heuring v. State, 539 So.2d 590, 592 (Fla. 1st DCA 1989), this court affirmed a similar sentence which provided that in the event of the defendant’s early release from incarceration, the defendant be placed on probation for the remainder of the sentence. However, this court in affirming the sentence, certified conflict with Easton v. State, 472 So.2d 1369 (Fla. 3d DCA 1985), wherein a similar sentence was held to be erroneous. In Heuring, this court further recognized the issue as one of great public importance and certified the following question to the Florida Supreme Court:
WHETHER THE IMPOSITION OF A SENTENCE FOR A SPECIFIC TERM OF YEARS, WHICH, IN THE EVENT OF EARLY RELEASE THROUGH THE APPLICATION OF GAIN-TIME OR OTHERWISE, SHALL BE FOLLOWED BY A PROBATIONARY PERIOD COMMENCING UPON THE DEFENDANT’S RELEASE FROM PRISON AND CONTINUING UNTIL A DATE CERTAIN IS AN AUTHORIZED SENTENCE?
The Supreme Court in Heuring v. State, 559 So.2d 207, 208 (Fla.1990), for reasons set forth in that opinion, answered the certified question in the negative and quashed the decision of this court.
We therefore affirm the conviction, but under the rule of the Florida Supreme Court’s decision in Heuring, supra, we must reverse the sentence and remand this cause for resentencing.
BOOTH, JOANOS and BARFIELD, JJ., concur.