NIMMONS, Judge.
Appellant was sentenced to a 15-year term for burglary and a consecutive 5-year term for forgery with the provision that “if defendant is released from Department of Corrections before 20-year sentence is served, court requires that defendant should serve probation for the remainder of the 20 years.... ” Appellant asserts that such a sentence is unauthorized. The state concedes error, citing to Heuring v. State, 559 So.2d 207 (Fla.1990).[1] We agree and reverse.
However, we disagree with appellant Jordan’s contention that only the probationary feature of the sentence should be vacated and that the 20-year term should be left intact. It is apparent from the sentence imposed and from the remarks by the trial judge at sentencing that the probationary component of the sentence was of critical significance to the court. We believe the trial court should have the prerogative on remand to fashion a new sentence which properly includes a probationary component.
REVERSED and REMANDED for re-sentencing.
SMITH, J., and WILLIS, BEN C. (ret.), Associate Judge, concur.

. The trial judge was obviously relying upon this court's decision in Heuring v. State, 539 So.2d 590 (Fla. 1st DCA 1989). However, subsequent to this appellant's sentence, the Florida Supreme Court in Heuring v. State, 559 So.2d 207 (Fla.1990), reversed our decision.