ON MOTION FOR REHEARING, CLARIFICATION AND CERTIFICATION

PER CURIAM.
We deny the motion for rehearing, and rehearing en banc, grant the motion for clarification and certification and substitute the following opinion for that originally issued.
Prisoner Mark Cooper appeals the denial of his petition for writ of habeas corpus. He *522 is serving the remainder of his prison sentence after having been returned to prison upon a finding that he had violated his conditional release by committing a new crime.
On September 1, 1995, Cooper received concurrent sentences for crimes charged in two separate cases. He received a four year sentence on one count of grand theft, which is classified as a category 6 offense under Florida Rule of Criminal Procedure 3.701(e). With credit for time served and without any additional credit that would entitle him to early release, that prison term was due to expire on December 8,1997.
Cooper received 20 month concurrent sentences for the offenses charged in the second information: robbery (category 3), battery on a law enforcement officer (category 4), and resisting arrest with violence (category 4). With credit awarded only for time served, those terms were fully served on May 30, 1996.
The Conditional Release Act allows the supervision of certain repeat offenders after their release from prison by reason of their accrual of gain time, and revocation of their gain time in the event that they violate one or more conditions. Under the version of the Act that was in effect at the time of Cooper’s crimes, his release on only the category 3 and 4 crimes could be made conditional. § 947.1405(2)(a), Fla. Stat. (Supp.1992) (applies to category 1-4 crimes only). In the absence of another statutory basis for supervised release on the grand theft charge, his early discharge on that sentence was unconditional. § 944.291, Fla. Stat. (1991); Heuring v. State, 559 So.2d 207 (Fla.1990).
Cooper was conditionally released on both cases. That release was revoked on both cases after violation. Cooper sought relief in the circuit court, arguing that his release on the grand theft sentence should not have been revoked. The circuit court disagreed, finding that although he ordinarily would not have'been subject to conditional release on the grand theft charge, because that sentence was concurrent with sentences that did fall under the Conditional Release Act, his gain time could be revoked on that charge as well.
That finding was error. Although his sentences were to be served concurrently, they nevertheless remained distinct sentences for the purpose of eligibility under the Act. Westlund v. Florida Parole Comm’n, 637 So.2d 52, 54 (Fla. 1st DCA 1994). Appellant’s last date of conditional release supervision should have been calculated with reference only to those sentences that were subject to the Act, that is the robbery/resisting concurrent 20 month sentences. Id. at 54.
Once the appellant was released from the remaining period of his incarceration on the grand theft charge due to his gain-time award, that remaining period of the sentence was extinguished. Heuring, 559 So.2d at 208 (quoting State v. Green, 547 So.2d 925, 926 (Fla.1989)). The appellant should have been released from prison on May 30, 1996, when he had completed his prison terms on the category 3 and 4 charges in their entirety. We therefore reverse the trial court’s order, remand with direction to grant the petition for writ of habeas corpus and certify the following question as one of great public importance:
WHEN AN INMATE WHO IS SERVING CONCURRENT SENTENCES IS RELEASED AFTER ACCRUING SUFFICIENT GAIN TIME AND HIS RELEASE ON ONE OR MORE OF THOSE SENTENCES IS CONDITIONAL UNDER SECTION 947.1405, FLORIDA STATUTES, IS HIS RELEASE STATUS REVOKED AS TO ALL THE CONCURRENT SENTENCES, INCLUDING THE SENTENCES IMPOSED FOR OFFENSES THAT DID NOT QUALIFY FOR CONDITIONAL RELEASE?
GUNTHER, C.J., and GLICKSTEIN and DELL, JJ., concur.