704 So.2d 1052 (1998)
Kenneth DOWDY, Petitioner,
v.
Harry K. SINGLETARY and The Florida Parole Commission, Respondents.
No. 89489.
Supreme Court of Florida.
January 8, 1998.
Kenneth Dowdy, White City, for Petitioner.
Susan A. Maher, Deputy General Counsel and Lisa M. Bassett, Assistant General Counsel, of the Department of Corrections, Tallahassee; and William L. Camper, General Counsel and Bradley R. Bischoff, Assistant General Counsel, of the Florida Parole Commission, Tallahassee, for Respondent.
*1053 PER CURIAM.
Kenneth Dowdy petitions this Court for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. Dowdy makes several arguments concerning his claim for release. We find Dowdy's arguments without merit and decline to address all but the claim that this Court's decisions in State v. Green, 547 So.2d 925 (Fla.1989), and Heuring v. State, 559 So.2d 207 (Fla.1990), preclude the State from forfeiting his gain time after he violated the terms and conditions of his control release.
In February 1993, Dowdy began service of a twelve-year term of imprisonment for numerous offenses committed in 1991 and 1992. Due to the award of several different kinds of gain time, Dowdy was released early on November 23, 1993, and placed on control release supervision. Dowdy violated the terms and conditions of his control release and it was revoked. Upon his return to prison in 1994, the Department of Corrections forfeited his previously awarded basic and incentive gain time under sections 944.28(1) and 948.06(6), Florida Statutes (1991).
Dowdy argues that this Court's decisions in Green and Heuring apply to his case and prohibit the State from forfeiting his previously awarded gain time. We conclude that our decisions in those cases do not cover Dowdy's situation.
In Green, we stated:
A prisoner who is released early because of gain-time is considered to have completed his sentence in full.[[1]] See § 944.291, Fla. Stat. (1987). Receipt of gain-time is dependent on a prisoner's behavior while in prison, not on satisfactory behavior once the prisoner has been released from incarceration. Therefore, accrued gain-time is the functional equivalent of time spent in prison.
Green, 547 So.2d at 926. Shortly thereafter in Heuring, we held that "once a prisoner is released from the remaining period of incarceration due to gain-time, that remaining period of the sentence is extinguished." Heuring, 559 So.2d at 208. These two decisions are specifically factually distinguishable from Dowdy's case because they involved the forfeiture of gain time for violation of probation at a time when there was no statutory authority for that forfeiture. Our decisions were based on interpretations of 1987 statutes which were subsequently amended, and the amendments were in effect when Dowdy committed his offenses. Our decision in Green was based on sections 944.28(1) and 944.291, Florida Statutes (1987). The 1987 version of section 944.28(1) provided for forfeiture of gain time after escape or upon revocation of parole or clemency.[2] At that time there was no statutory authority for gain-time forfeiture upon revocation of probation. Accordingly, we held that the State could not forfeit Green's gain time when he violated his probation, and thus the incarceration portion of Green's sentence had expired. Since that time, however, the legislature has amended the gain-time forfeiture provisions to provide authority for gain-time forfeiture upon the violation of several additional programs, including probation. Effective July 1, 1988, conditional release was added to the list of circumstances permitting gain-time forfeiture. See ch. 88-122, § 9 at 538, Laws of Fla. (codified at § 944.28(1), Fla. Stat. (Supp.1988)); id. § 92 at 572 (providing for effective date).[3] Effective October *1054 1, 1989, probation, community control, and provisional release were added. See ch. 89-531, § 6, at 2717, Laws of Fla. (codified at § 944.28(1), Fla. Stat. (1989)); id. § 20 at 2721 (providing for effective date). Effective September 1, 1990, control release was added. See ch. 89-526, § 6 at 2663, Laws of Fla. (codified at § 944.28(1) n. 2, Laws of Fla. (1989)); id. § 52 at 2690 (providing for effective date).
Section 944.291, Florida Statutes (1987), was also one of the bases for this Court's decision in Green. At the time of Green's forfeiture, section 944.291, Florida Statutes (1987), provided that a prisoner who was released due to gain-time awards was not to be placed under "further supervision."[4] Effective July 1, 1988, that section was amended to provide for the optional placement of a releasee under "further supervision." See ch. 88-122, § 10 at 538-39, Laws of Fla. (codified at § 944.291, Fla. Stat. (Supp.1988)); id. § 92 at 572 (providing for effective date). It was amended again effective October 1, 1989, to provide for the mandatory placement of such releasees under "further supervision." See ch. 89-531, § 7 at 2717, Laws of Fla. (codified at § 944.291, Fla. Stat. (1989)); id. § 20 at 2721 (providing for effective date).
Therefore, for releasees whose offenses were committed after the above-mentioned legislative changes, the State does have statutory authority to consider that the releasees' sentences have not completely expired until completion of the supervisory period. That is, due to subsequent legislation, the retention of an inmate's gain time is now dependent not only upon satisfactory behavior while in prison but also upon satisfactory behavior while under supervision after release. Accordingly, for these inmates, the statements made in Green and Heuring do not apply. Furthermore, the statements do not apply to inmates who violate other types of supervision such as control release or conditional release. In other words, the decisions in Green and Heuring were concerned only with inmates specifically meeting the criteria set forth in Green (violation of probation, offense date before October 1, 1989).[5] Therefore, since Dowdy does not meet those criteria and especially because Dowdy's forfeiture occurred upon violation of control release, the statements made in Green and Heuring do not apply to him.
This Court routinely receives a large number of petitions in which it is alleged that "once a prisoner is released due to gain-time, the remaining period of the sentence is extinguished." This quotation is found in petitions concerning a vast array of supervision programs, especially control release and conditional release. Considering the above-mentioned subsequent statutory changes, we take this opportunity to make clear that Green stands only for the proposition that upon revocation of probation, community control or provisional release,[6] an inmate is entitled to credit for prior awarded gain time only if the underlying offense was committed prior to October 1, 1989. For the foregoing reasons, we deny the petition for writ of habeas corpus.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] Of course the sentence which was "completed in full" was only the incarceration portion of his sentence, not the probationary portion. As we stated in another part of the decision in Green:

Because of that accumulated gain-time, Green was released early, and the incarceration part of his split sentence was finished, although he was still required to serve the probation part of his split sentence.
Green, 547 So.2d at 926 (emphasis added).
[2] Section 944.28(1), Florida Statutes (1987), provided in pertinent part:

If a prisoner is convicted of escape, or if the clemency or parole granted to him is revoked, the department may, without notice or hearing, declare a forfeiture of all gain-time earned according to the provisions of law by such prisoner prior to such escape or his release under such clemency or parole, as the case may be.
[3] See also Lincoln v. Florida Parole Comm'n, 643 So.2d 668, 670 (Fla. 1st DCA 1994) (noting that "[a]t one time, any `prisoner who [was] released early because of gain-time [was] considered to have completed his sentence in full.' State v. Green, 547 So.2d 925, 926 (Fla.1989).... But the same law that created the conditional release program amended the gain-time statute....").
[4] Section 944.291, Florida Statutes (1987), provided in pertinent part that "[a] prisoner who has served his term or terms, less allowable statutory gain-time deductions and extra goodtime allowances, as provided by law, shall not, upon release, be under further supervision and control of the department ..." (emphasis added).
[5] Our statements would, however, also apply to revocation of community control and provisional release since they were added along with probation effective October 1, 1989. See ch. 89-531, § 6 at 2717, Laws of Fla. (codified at § 944.28(1), Fla. Stat. (1989)); id. § 20 at 2721 (providing for effective date).
[6] See supra note 5.