PER CURIAM.
In this case, petitioner argues that he is entitled to be released from conditional release because his release from prison was a result of earned gain time and therefore the remainder of his sentence was extinguished. Petitioner relies on State v. Green, 547 So.2d 925 (Fla.1989), Heuring v. State, 559 So.2d 207 (Fla.1990) and Cooper v. Florida Parole Commission, 691 So.2d 521 (Fla. 4th DCA 1997).
In Green, the court held that a defendant who violated the probationary portion of a split sentence is entitled to credit for earned gain time on a new incarcerative sentence. In Heuring, the court held that once a prisoner is released from the remaining portion of his incarcerative term due to gain time, the remaining period of the sentence is extinguished. Neither of these involve release of a prisoner under the Conditional Release Act, section 947.1405, Florida Statutes, and accordingly they do not apply.
In Cooper, the court held that once a prisoner is released from incarceration due to gain time on an offense which is not within the purview of the Conditional Release Act, his sentence for that offense is extinguished. The fact that the sentence for that offense was imposed concurrent with sentences that fell under the act and for which gain time could be revoked, was irrelevant. The earned gain time for the offense which was not within the purview of the act could not be revoked. The supreme court agreed and approved the Fourth District’s opinion. See Parole Commission v. Cooper, 701 So.2d 543 (Fla.1997).
Petitioner alleges that his arrest for violating conditional release for a possession charge in 1987 is improper because the Conditional Release Act was not in effect when that offense was committed, possession is not a crime subject to conditional release and his five year sentence for possession was served “day for day,” because he was incarcerated *945 from July 22, 1991 through November 26, 1996. Petitioner’s argument has merit. The Conditional Release Act, by its terms, applies only to prisoners whose offenses were committed after October 1, 1988. The arrest warrant issued by the Florida Parole Commission nonetheless includes the 1987 possession offense. In addition, if petitioner’s allegations are true, he had completely served his sentence for possession at the time of his release. Therefore, it appears that the possession offense should not have been included in the warrant.
However, petitioner is not entitled to immediate release because he also admits that he was on conditional release for solicitation of second degree murder and solicitation to commit arson, which are also listed in the warrant. Petitioner does not allege that those offenses occurred prior to the effective date of the act or otherwise are not within the purview of the act. Petitioner acknowledges that he was sentenced to concurrent ten year terms for the two solicitation offenses on or about July 22, 1991, and was placed on conditional release on November 26, 1996, before his 10 year terms expired. Nonetheless, petitioner claims that the remainder of his sentence should be extinguished under Green and Heuring. However, as stated, these cases do not apply because they did not involve a conditional release.
Section 947.141, Florida Statutes, establishes that a prisoner whose conditional release is revoked may be returned to prison to serve the sentence imposed. In Parole Commission v. Cooper, 701 So.2d 543 (Fla.1997), the supreme court confirmed that a violation of a condition of the terms of conditional release will result in the revocation of gain time and reincarceration. Therefore, it is clear that petitioner’s 10 year sentences for solicitation of murder and arson were not extinguished as a result of his conditional release and he is not entitled to immediate release as to these offenses. As petitioner is being held under the authority of one warrant, which lists both the possession offense and the solicitation offenses, he is lawfully being detained and his petition for writ of habeas corpus therefore is denied.
PETITION FOR WRIT OF HABEAS CORPUS DENIED.
GRIFFIN, C.J., and COBB and GOSHORN, JJ., concur.