PER CURIAM.
Appellant, James Petron, appeals the denial of his rule 3.800(a) motion to eorrect an illegal sentence. We affirm.
Appellant pled no contest to attempted first degree murder, uttering, battery of a law enforcement officer, and burglary of a dwelling, in 1986. Pursuant to the negotiated plea, the trial court sentenced him to concurrent twenty, three, five, and ten-year sentences, respectively. On the attempted murder count, the trial court also ordered that appellant be placed on probation for the remainder of the twenty years, if he should be released from prison before twenty years had passed. Because of accrued gain-time, Petron was released on December 6, 1990, and placed on probation until March 24, 2005 — twenty years from the date on which he was first placed in custody.
Relying on Heuring v. State, 559 So.2d 207 (Fla.1990), Petron seeks the cancellation of the probation imposed in the original sentence. Petron’s crime of attempted first degree murder with a firearm was a life felony pursuant to sections 775.087, 777.04, and 782.04, Florida Statutes (1985). His sentence fell well within that limit and was not illegal. See Davis v. State, 661 So.2d 1193 (Fla.1995). Hence he cannot question it in a 3.800(a) motion.[1] We further observe that Heuring was decided in 1990 and at a time subsequent to any opportunity for the trial judge to adjust the sentence had he chosen to do so.[2] We conclude that Heuring has no retroactive application to sentences that were final before its rendition.
AFFIRMED.
MICKLE and DAVIS, JJ., and McDonald, PARKER LEE, Senior Judge, concur.

. While the judgment and sentence might be interpreted as attempting to place appellant on probation until twenty years had passed for the other three counts, this would create "illegal” sentences. Appellant has completed his sentences for the other three crimes, and we address only the sentence for attempted murder.

. Cf. Jordan v. State, 568 So.2d 1011 (Fla. 1st DCA 1990)(identical sentence challenged on direct appeal and remanded for proper inclusion of probation because it was apparent that the probationary period was of critical importance to the trial court).