PER CURIAM.
Colen Thomas petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. As further discussed below, we hereby deny the instant petition, finding our recent gain time decision in State v. Lancaster, 731 So.2d 1227 (Fla.1998), cert. denied, — U.S.-, 119 S.Ct. 1591, 143 L.Ed.2d 684 (1999), to be distinguishable from this case.
In 1989, Thomas began serving a prison sentence for two offenses committed on December 7, 1988. During his incarceration, the Florida Department of Corrections (hereinafter the Department) awarded Thomas 700 days of Provisional Credits. Subsequently, the Department canceled Thomas’s Provisional Credits pursuant to the “Safe Streets Initiative.” See § 944.278, Fla. Stat. (1993). On March 11, 1997, after the United States Supreme Court’s gain time decision in Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), the Department restored the previously canceled 700 days of *1011 Provisional Credits. Due to the restoration of these credits, Thomas was released and placed on Provisional Release supervision on March 25, 1997. See § 944.277(5)-(6), Fla. Stat. (Supp.1988). Thomas failed to report to his supervision officer, and in early 1998, his Provisional Release was revoked. Pursuant to the explicit terms of the Provisional Credits statute itself, the previously awarded Provisional Credits were forfeited and Thomas was returned to prison.[1] While it now appears that Thomas has been released from the Department’s custody, we have decided not to dismiss this case as moot since we believe this question is important and will likely recur. See Holly v. Auld, 450 So.2d 217 (Fla.1984).
In State v. Lancaster, 731 So.2d 1227 (Fla.1998), this Court recently held that the Department may not forfeit Administrative Gain Time or Provisional Credits pursuant to section 944.278, Florida Statutes (1993), or sections 944.28(1) or 948.06(6), Florida Statutes (1989), upon probation revocation, if the inmate’s underlying criminal offense was committed prior to October 1, 1989 (the effective date of the amendments to sections 944.28(1) and 948.06 providing for gain time forfeiture due to probation revocation). Id.
However, in the present case, Thomas was not placed on probation when he was released in 1997. He was placed on Provisional Release pursuant to the Provisional Credits statute itself.[2] The statute provided both for the award of Provisional Credits and for the forfeiture of those credits were the inmate to violate the terms of his Provisional Release supervision. See § 944.277(7)(c), Fla. Stat. (Supp.1988).
In Lancaster, the petitioner committed his relevant offenses on May 3, 1987. The statutory scheme that applied to Lancaster was that in effect on the date of his offenses. After his release, he was placed on probation pursuant to his original sentence. However, the effective date of the probation gain time forfeiture statute was October 1, 1989. See §§ 944.28(1); 948.06(6), Fla. Stat. (1989) (adding probation to the list of types of release). Since those statutes went into effect after Lancaster committed his relevant offenses, neither of those statutes could be utilized (based on ex post facto principles) to forfeit Lancaster’s gain time.
Thomas, on the other hand, committed his offenses on December 7, 1988; he was placed on Provisional Release, and the effective date of the Provisional Release forfeiture statute was July 1, 1988 (before Thomas’s offenses). See § 944.277(7)(c), Fla. Stat. (Supp.1988); ch. 88-122, § 92 at 572, Laws of Fla. As explained by the United States Supreme Court, the Ex Post Facto Clause is triggered when a law “increases punishment beyond what was prescribed when the crime was consummated.” Lynce, 519 U.S. at 441, 117 S.Ct. 891(quoting Weaver v. Graham, 450 U.S. 24, 30, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (emphasis added)). Since the relevant forfeiture statute[3] was in effect when Thomas *1012 committed his offenses, there is no retroactive application of this statute to him. Thus, there is no ex post facto violation. Accordingly, we deny the instant petition.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, LEWIS and QUINCE, JJ., concur. PARIENTE, J., recused.

. When referring to the ending of Provisional Release supervision, section 944.277(7)(c), Florida Statutes (Supp.1988), uses the term "terminate,” instead of "revoke.” When referring to the loss of credits, the statute uses the term “cancel” instead of "forfeit.” We find the term "revoke” better describes the situation in which supervision is ended due to misbehavior on the releasee’s part. Likewise, we find the term "forfeit” to better describe the loss of credits which occurs when a re-leasee’s supervision is revoked.

. Section 944.277(7)(c), Florida Statutes (Supp.1988), provides:
If an inmate violates any term or condition of provisional release supervision, the Department of Corrections may take any of the following actions:
[[Image here]]
(c) Terminate the provisional release supervision and return the inmate to prison. If an inmate is returned to prison, credits accumulated as of the date of release to the provisional release supervision program may be canceled as prescribed by department rule.

. Section 944.277(7)(c), Florida Statutes (Supp.1988), covers only the particular type of overcrowding gain time known as Provisional Credits. As discussed in Dowdy v. Sin- *1012 gletary, 704 So.2d 1052, 1054 & n. 5 (Fla. 1998), under sections 944.28(1) and 948.06(6), the Department may only forfeit basic or incentive gain time for a Provisional Release, probation, or community control revocation if the inmate’s underlying criminal offense was committed on or after October 1, 1989.