JOANOS, J.
In this appeal, Widmer raises two points. His first point is that he should have been given prison credit of seventeen years as to each of the concurrent eighteen-year prison terms, because of his pri- or release by the Control Release Authority from the original seventeen-year prison term. As to the first point, we affirm in part and reverse in part. In his second point, Widmer questions whether the evidence was sufficient as a matter of law to establish a violation of the conditions of probation. We have examined the record and determined that the record supports the trial court’s finding that Widmer violated the special conditions of his probation, and affirm without further discussion of point two.
*410 In 1992 appellant Albert Widmer entered into a negotiated plea whereby he was adjudicated guilty of one count of racketeering (first degree felony), three counts of arson of a vehicle (second degree felony), one count of arson of a dwelling (first degree felony), five counts of insurance fraud (third degree felony), and twenty counts of grand theft (third degree felony). In accordance with the plea agreement, the trial court imposed concurrent sentences totaling seventeen years of incarceration, followed by thirteen, years of probation. On February 2, 1993, Widmer was released from prison by the Control Release Authority, with “no term of supervision”. Widmer then began the thirteen year probationary term.
Probation was thereafter revoked and Widmer was sentenced to a suspended eighteen-year term of imprisonment and placed on probation for twenty years. Probation was later revoked a second time, at which point Widmer was sentenced to two, concurrent, twenty-seven-year terms of imprisonment. He appealed from this second revocation. In Widmer v. State, 697 So.2d 545 (Fla. 1st DCA 1997), this Court reversed, due to the circuit court’s failure to provide a written statement as to the evidence relied upon and the reasons for revoking probation. After remand, Widmer was again found in violation of probation. This time he was sentenced to serve concurrent eighteen-year prison terms for Count I (racketeering) and Count V (arson of a dwelling).
In his argument that he should have been given seventeen years credit on both sentences, Widmer relies by analogy upon State v. Green, 547 So.2d 925 (Fla.1989), and Heuring v. State, 559 So.2d 207 (Fla.1990), which, in effect, held that once a prisoner was released early because of gain-time credit, the remaining period of the sentence was extinguished. Widmer points out that although the legislature reacted to the situation involved in Green and Heuring by amending Section 944.28(1), Florida Statutes (1989), effective as of October 1, 1989, the amendment cannot be applied retroactively to his situation without violating constitutional ex post fac-to principles, as well as Article X, Section 9, of the Florida Constitution. His argument is that although the 1989 amendment allowed the forfeiture of gain-time as of October 1, 1989, the days set aside for “control release” could not be forfeited until newly enacted Section 948.06(6), Florida Statutes, became effective on September 1, 1990. He then argues that since both of the crimes involved here were committed prior to October 1, 1989, he is in a position similar to that of the defendant in Green.
We accept and agree with Widmer’s argument as to the racketeering offense. The allegations of the racketeering charge were that the activity occurred between April 17, 1987, and April 26, 1991. Application of the Department of Corrections policy to Widmer’s racketeering offenses means the commencement date for a determination of credit in regard to the racketeering charges is April 17, 1987, well before the effective date of the subsequently adopted forfeiture provisions set forth in sections 944.28(1) and 948.06(6). Under the rationale of Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), and State v. Lancaster, 731 So.2d 1227 (Fla.1998), cert. denied, — U.S. -, 119 S.Ct. 1591, 143 L.Ed.2d 684(1999), application of the forfeiture provisions to appellant’s racketeering conviction would violate the ex post facto prohibitions of the federal and state constitutions.
However, as to the sentence imposed upon the arson offense, we reach a different result. The arson was committed October 20 or 21, 1989. Section 944.28(1), permitting forfeiture upon revocation of probation, was effective October 1, 1989. Widmer has taken the position that the section 948.06(6) control release forfeiture provisions are applicable in the case, rather than section 944.28(1). Since the effective date of the control release provision *411 was September 1, 1990, Widmer urges there can be no forfeiture with regard to the arson offense. However, in State v. Lancaster, our supreme court stated a belief that both provisions, i.e., sections 944.28(1) and 948.06(6), provide the state with authority to declare a forfeiture of all gain-time, including provisional credits, administrative, and incentive gain-time, but that authority can only be invoked for prisoners whose underlying offenses were committed on or after October 1, 1989. See id., 731 So.2d at 1231.
Therefore, we reverse the sentence on appeal in regard to the racketeering count, and remand for the circuit court to award credit for seventeen years. We affirm the sentence in regard to the arson count, as well as all other issues involved in this appeal.
LAWRENCE and VAN NORTWICK, JJ., CONCUR.